## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHAD CUNNINGHAM,**

        **Plaintiff(s),**

**vs.**                                    **Case No.: CIV 10-451**
                                         **(A JURY IS REQUESTED)**

**THE REGENTS OF THE UNIVERSITY**
**OF NEW MEXICO, UNIVERSITY OF**
**NEW MEXICO SCHOOL OF MEDICINE,**
**and the NATIONAL BOARD OF MEDICAL**
**EXAMINERS,**

        **Defendant(s).**

## COMPLAINT FOR VIOLATION OF
## CIVIL RIGHTS UNDER 42 U.S.C. §1983
## AND FAILURE TO ACCOMMODATE FOR  DISABILITY
## UNDER THE AMERICANS WITH DISABILITIES ACT,
## THE REHABILITATION ACT OF 1973,
## AND BREACH OF CONTRACT

      **THE PLAINTIFF**, Chad Cunningham, by and through his attorney,

Dennis W. Montoya, MONTOYA LAW, INC., complaining of the Defendants,

**STATES:**

### JURISDICTION AND VENUE

1.    The Plaintiff, Chad Cunningham, was at all times material herein a resident of

New Mexico.

2.    Defendant University of New Mexico School of Medicine was at all times

material herein a medical school established by the state of New Mexico and

administered and operated by the University of New Mexico.  At all times material to this action, this Defendant acted under color of state law.

3.       Defendant University of New Mexico Board of Regents is the governing body of the University of New Mexico and the University of New Mexico School of Medicine (hereinafter, referenced collectively as "UNM").  At all times material to this action, this Defendant acted under color of state law.

4.       Defendant National Board of Medical Examiners ("NBME") is a national, non-profit organization that provides standard nationwide testing for educational evaluation and licensure for medical professionals, with its principal offices located in Philadelphia, Pennsylvania.  For purposes of this Complaint, this Defendant acted under color of the laws of the State of New Mexico in that this Defendant acted in concert with and as an agent of the other Defendants herein, who were actors under color of the laws of the State of New Mexico;

5.       All events mentioned herein occurred in the state of New Mexico.

6.       The parties and the location of the events complained of herein are within the jurisdiction and venue of the United States District Court for the State of New Mexico,

7.       The Plaintiff suffers from a physical or mental impairment that substantially limits a major life activity, and is a person under a disability as defined in the

Americans With Disabilities Act.

8.    This lawsuit is brought against state and private actors under 43 U.S.C. §1983 and the Americans with Disabilities Act of 1990, as amended, and the Rehabilitation Act of 1973, where amended to include persons with disabilities.

9.    Any attempt by the Plaintiff to exhaust administrative remedies by the Plaintiff would have been inadequate and futile because there was no meaningful administrative remedy available to the Plaintiff.

## FACTS COMMON TO ALL COUNTS

10.    The Plaintiff has suffered from a reading disability since elementary school, where he suffered from severe headaches and other problems after prolonged reading.

11.    Eye examinations showed no physical problems with the Plaintiff's eyes during his early years and he learned to compensate for the difficulty in reading and the headaches.

12.    Despite the reading difficulty, the Plaintiff was a superior student in grade school, high school and college, showing high proficiency in math and science.

13.    The Plaintiff took the Medical College Admission Test ("MCAT") and failed it on three (3) occasions because of the reading difficulties and constant headaches while taking the test, but eventually passed the test.

14.    In 2005 the Plaintiff was accepted to and entered UNM as a medical student.

15.    In 2006, before completing his first year of medical school, the Plaintiff suffered from constant and severe headaches and dangerously high blood pressure caused by the demands of reading, and took a medical leave of absence from the school.

16.    Medical evaluation and treatment of the Plaintiff controlled his blood pressure problems and revealed that he suffered from Scoptic Sensitivity Syndrome ("SSS"), which is sometimes categorized as a form of dyslexia, a condition caused by hypersensitive photoreceptors in the eyes of the afflicted person.

17.    Persons such as the Plaintiff who are afflicted with the condition, also called "Irlen Syndrome," often have fragmented vision or diminished coherence in their vision and perception while reading, especially where the material is printed on white paper and under harsh lighting conditions or florescent lighting.

18.    The Plaintiff returned to medical school in 2007, and was informed that he had to start his first year over again.

19.    When he returned to medical school in 2007, the Plaintiff requested accommodation for his disability from Defendant UNM and was refused.

20.    Accommodation for SSS can include extending the time while taking tests and

providing more breaks, shorter test segments, adjustment of background and print and screen colors, reduce or eliminate florescent lighting in the testing room, and other such adjustments.

21.    During his entire academic career the Plaintiff was able to complete assignments requiring extensive reading with difficulty but without accommodation for his disability.

22.    The Plaintiff resumed his studies, using prescribed colored glasses to assist him in reading and prescription medicines to control his blood pressure.

23.    The Plaintiff successfully completed his first two (2) years of study in 2009, although experiencing difficulty in reading and headaches, and; passed his medical school examinations and was prepared to take the United States Medical Licensing Examination ("USMLE" or "MLE").

24.    The MLE is a three-step examination process for medical students given by Defendant NBME; Step 1 is given to students after completing two (2) years of training and the completion of remaining steps lead to a license to practice medicine.

25.    The student must successfully pass and complete all steps of the MLE to remain in school, graduate and receive a license to practice medicine in New Mexico and in most if not all, other states.

26.     In early 2009, the Plaintiff took the Step 1 MLE and on February 1, 2009, learned that he did not pass the test by a margin of a few points.

27.     The Step 1 testing was given in a small room with bright, florescent lighting, causing the Plaintiff to experience severe headaches and difficulty in reading or concentrating on the testing materials, which resulted in his substandard score.

28.      The Plaintiff applied for a retesting of Step 1, which was to be given in or about June of 2009, and formally requested accommodation for his disability from NBME.

29.     The Plaintiff provided Defendant NBME with several documents including a medical evaluation and diagnosis by a physician and a psychological evaluation by a clinical psychologist that described the Plaintiff's disability and the accommodation needed by him to take the Step 1 test.

30.     In May of 2009, the Plaintiff received notice by letter from Defendant NBME, dated May 20, 2009, that his request for accommodation was denied based upon NMBE's preliminary review, citing the lack of any record of a formal accommodation at any point in the Plaintiff's educational career as the reason for denying the accommodation.

31.     The letter from NBME further noted that in order for further review of the

Plaintiff's request, he must provide extensive and voluminous evidence of his disability, including records going back to elementary school, standardized test scores, contemporaneous reports from teachers, tutors or treatment providers, objective records showing the chronic course and impact of his disability, and; additional reports from employment and other sources that document his disability, and further reports from his psychologist.

32.     The Plaintiff was not able to gather the documentation required by Defendant NBME in the short time between the denial of his request for accommodation and the test date and took the test without the necessary accommodation.

33.     The Plaintiff failed the second MLE by substantially the same margin as the first test.

34.     A medical student is given only three (3) chances to pass the MLE, and failure to pass the test the third time disqualifies the student from further enrollment in medical school.

35.     During the time that the Plaintiff attended medical school at Defendant UNM, he notified UNM authorities of his need for accommodation and made several requests for accommodation, which were refused.

36.     The Plaintiff attempted to formally apply for an accommodation for his

disability from the Disability Committee at UNM and requested its assistance in obtaining accommodation from NBME, sending the Committee his medical records and diagnosis of SSS and dyslexia.

37. The Chairman of the Disability Committee arbitrarily refused to accept the Plaintiff's application or to assist him in gaining accommodation from NBME for the June 2009, MLE.

38. The Dean of Students informed the Plaintiff of the rejection of his application and told him to "get over it and take the test."

39. A determination of disability and accommodation from Defendant UNM would have materially assisted the Plaintiff in receiving an accommodation from NBME.

40. Under the medical school rules the Plaintiff was placed on academic leave until he passed the Step 1 requirements.

41. Pursuant to his contract with UNM, the Plaintiff is barred from accepting employment while on academic leave and is unable to work because of the wrongful refusal to accept and consider his application for accommodation.

42. UNM has a "six year rule" which requires a student to complete medical school within six (6) years of his or her initial year.

43. By letter of March 11, 2010, Defendant UNM notified the Plaintiff that he had

one more attempt to pass the Step 1 examination and that the six year rule for completing the last two (2) years of his curriculum expires on October 1, 2012.

44.     The Plaintiff is unable to take the MLE because of his disability and the refusal of UNM and NBME to accommodate him.

## COUNT I
## DEPRIVATION OF RIGHT OF DUE PROCESS
## 42 U.S.C. §1983
## (UNIVERSITY OF NEW MEXICO)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

45.     The Plaintiff's right of due process was violated where Defendant UNM wrongfully and arbitrarily refused to accept or consider his request for accommodation of his disability.

46.     As a direct result of the wrongful and arbitrary action of UNM, the Plaintiff did not receive accommodation for a current disability to which he was entitled by law under the Americans with Disability Act and the Rehabilitation act of 1973.

47.     As a further result of Defendant UNM's actions, the Plaintiff has been denied accommodation for Step 1 testing and has been dis-enrolled from medical school.

**WHEREFORE,** the Plaintiff respectfully requests such damages as may be

awarded by a jury in this matter as follows:

a.   Reinstatement and enrollment in the Plaintiff's normal course of study at UNM.

b.   Extension of Defendant UNM's six year rule to toll the time that the Plaintiff was without accommodation for his disability or for the time necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements and complete his normal course of study.

c.   Money damages from UNM and NBME for such loss of income as the Plaintiff would have earned if he had been permitted to earn wages during his academic leave and loss of wages where he may have completed medical school and obtained licensure as a medical doctor except for the violation alleged herein.

d.    For such damages as may permitted by the Americans with Disabilities Act and the Rehabilitation Act of 1973 as may be applicable under the facts herein.

e.   Damages for breach of contract and for such resulting harm as may be reasonably foreseeable, including loss of future income, loss of educational opportunities, and loss of status and reputation.

    f.     For attorney fees and costs of this action.

    g.     For such equitable relief as the Court may deem just and proper, including such orders as may be necessary to permit the Plaintiff to resume his studies with accommodation and attempt to obtain a medical license without further delay or interference.

**COUNT II**
**VIOLATION OF THE AMERICANS**
**WITH DISABILITIES ACT AND**
**REHABILITATION ACT OF 1973**
**(UNIVERSITY OF NEW MEXICO)**

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

48.    As shown by the facts presented herein, Defendant UNM wrongfully and without sufficient or good cause denied the Plaintiff his right to apply for and obtain reasonable accommodation for his disability as provided by the Americans with Disabilities Act and the Rehabilitation Act of 1973.

49.    As a direct result of the denial of rights and wrongful refusal to accommodate the Plaintiff's disability, the Plaintiff suffered damages.

**WHEREFORE,** the Plaintiff respectfully requests such damages as may be awarded by a jury in this matter as follows:

a.   Reinstatement and enrollment in the Plaintiff's normal course of study at UNM.

b.   Extension of Defendant UNM's six year rule to toll the time that the Plaintiff was without accommodation for his disability or for the time necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements and complete his normal course of study.

c.   Money damages from UNM and NBME for such loss of income as the Plaintiff would have earned if he had been permitted to earn wages during his academic leave and loss of wages where he may have completed medical school and obtained licensure as a medical doctor except for the violation alleged herein.

d.   For such damages as may permitted by the Americans with Disabilities Act and the Rehabilitation Act of 1973 as may be applicable under the facts herein.

e.   Damages for breach of contract and for such resulting harm as may be reasonably foreseeable, including loss of future income, loss of educational opportunities, and loss of status and reputation.

f.   For attorney fees and costs of this action.

g.    For such equitable relief as the Court may deem just and proper, including such orders as may be necessary to permit the Plaintiff to resume his studies with accommodation and attempt to obtain a medical license without further delay or interference.

## COUNT III
## BREACH OF CONTRACT
## (UNIVERSITY OF NEW MEXICO)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

50.    The Plaintiff enrolled in and attended medical school at Defendant UNM with the reasonable expectation that the Defendant would adhere to all laws regarding the accommodation of disabilities and make a good faith effort to permit and assist the Plaintiff in obtaining a medical degree and license.

51.    As consideration for attendance and participation in medical school at Defendant UNM, the Plaintiff paid tuition, purchased books and supplies, and spent time and effort in his studies.

52.    Pursuant to a written contract with UNM, the Plaintiff has given up the right to seek employment while enrolled at UNM and to concentrate on his studies, and the contract has express and implied provisions requiring Defendant UNM to abide by

laws pertaining to physical disabilities and to assist and accommodate the Plaintiff, and a covenant of good faith and fair dealing.

53.     The Plaintiff has fulfilled his duties under the written and implied agreements.

54.     An agreement between the parties existed and the Defendant breached the agreement and its duty of good faith and fair dealing by wrongfully and arbitrarily failing to assist the Plaintiff with his disability, and in arbitrary enforcement of policies that will operate to exclude the Plaintiff from the benefits of the agreement.

**WHEREFORE,** the Plaintiff respectfully requests such damages as may be awarded by a jury in this matter as follows:

a.      Reinstatement and enrollment in the Plaintiff's normal course of study at UNM.

b.      Extension of Defendant UNM's six year rule to toll the time that the Plaintiff was without accommodation for his disability or for the time necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements and complete his normal course of study.

c.      Money damages from UNM and NBME for such loss of income as the Plaintiff would have earned if he had been permitted to earn wages during his academic leave and loss of wages where he may have

completed medical school and obtained licensure as a medical doctor except for the violation alleged herein.

d.      For such damages as may permitted by the Americans with Disabilities Act and the Rehabilitation Act of 1973 as may be applicable under the facts herein.

e.      Damages for breach of contract and for such resulting harm as may be reasonably foreseeable, including loss of future income, loss of educational opportunities, and loss of status and reputation.

f.      For attorney fees and costs of this action.

g.      For such equitable relief as the Court may deem just and proper, including such orders as may be necessary to permit the Plaintiff to resume his studies with accommodation and attempt to obtain a medical license without further delay or interference.

**COUNT IV**
**VIOLATION OF THE AMERICANS**
**WITH DISABILITIES ACT AND**
**REHABILITATION ACT OF 1973**
**(NATIONAL BOARD OF MEDICAL EXAMINERS)**

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

55.    As presented in the facts herein, Defendant NBME has wrongfully discriminated against the Plaintiff because of his disability and has failed and refused to provide accommodation to the Plaintiff for his disability.

56.    As further described herein, the Defendant has violated the Americans with Disabilities Act and the Rehabilitation Act of 1973 by failing to act to provide accommodation upon presentation of reasonable and sufficient medical evidence of his current disability by the Plaintiff, and in imposing unreasonable and burdensome conditions on the Plaintiff's application for accommodation.

57.    The NBME further imposed the aforementioned unreasonable and burdensome requirements in bad faith and in violation of the statutes mentioned herein

**WHEREFORE,** the Plaintiff respectfully requests such damages as may be awarded by a jury in this matter as follows:

a.    Reinstatement and enrollment in the Plaintiff's normal course of study at UNM.

b.    Extension of Defendant UNM's six year rule to toll the time that the Plaintiff was without accommodation for his disability or for the time necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements and complete his normal course of study.

c.   Money damages from UNM and NBME for such loss of income as the Plaintiff would have earned if he had been permitted to earn wages during his academic leave and loss of wages where he may have completed medical school and obtained licensure as a medical doctor except for the violation alleged herein.

d.   For such damages as may permitted by the Americans with Disabilities Act and the Rehabilitation Act of 1973 as may be applicable under the facts herein.

e.   Damages for breach of contract and for such resulting harm as may be reasonably foreseeable, including loss of future income, loss of educational opportunities, and loss of status and reputation.

f.   For attorney fees and costs of this action.

g.   For such equitable relief as the Court may deem just and proper, including such orders as may be necessary to permit the Plaintiff to resume his studies with accommodation and attempt to obtain a medical license without further delay or interference.

## COUNT V
## BREACH OF CONTRACT

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

58.     Defendant NBME is obligated by express or implied terms of a contract or agreement between it and the Plaintiff to provide reasonable conditions for USMLE testing and to provide reasonable accommodation for the Plaintiff's disability.

59.     Defendant NBME is upon information and belief contractually obligated to provide USMLE testing to Defendant UNM and the Plaintiff, and said obligation extends to providing reasonable accommodation for persons with disabilities, including the Plaintiff, or has express or implied terms requiring such accommodation.

60.     The Plaintiff is an intended beneficiary or constructive party to any agreement between Defendants NBME and UNM to provide USMLE testing and to provide adequate accommodation for disabled persons, and is entitled to enforce such contractual obligations as may apply to the Plaintiff's rights.

61.     The Plaintiff has an express and implied contract with NBME through the payment of money to NBME to take the MLE, and has the contractual right and reasonable expectation that he will be given reasonable accommodation for any

current physical disability that may hinder his ability to take the test and that he will be treated fairly and in good faith.

62.    Defendant NBME has breached its contractual obligations to provide reasonable accommodation for the Plaintiff's disability as shown herein and is liable to the Plaintiff for any harm resulting from said breach.

**WHEREFORE,** the Plaintiff respectfully requests such damages as may be awarded by a jury in this matter as follows:

a.    Reinstatement and enrollment in the Plaintiff's normal course of study at UNM.

b.    Extension of Defendant UNM's six year rule to toll the time that the Plaintiff was without accommodation for his disability or for the time necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements and complete his normal course of study.

c.    Money damages from UNM and NBME for such loss of income as the Plaintiff would have earned if he had been permitted to earn wages during his academic leave and loss of wages where he may have completed medical school and obtained licensure as a medical doctor except for the violation alleged herein.

d.      For such damages as may permitted by the Americans with Disabilities Act and the Rehabilitation Act of 1973 as may be applicable under the facts herein.

e.      Damages for breach of contract and for such resulting harm as may be reasonably foreseeable, including loss of future income, loss of educational opportunities, and loss of status and reputation.

f.      For attorney fees and costs of this action.

g.      For such equitable relief as the Court may deem just and proper, including such orders as may be necessary to permit the Plaintiff to resume his studies with accommodation and attempt to obtain a medical license without further delay or interference.

Respectfully Submitted:
**MONTOYA LAW, INC.**
By:

_____
Dennis W. Montoya, Esq.
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM 87174-0235
(505) 246-8499
(505) 246-8599 (Fax)
dmontoya@montoyalaw.com