IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAD CUNNINGHAM,

        Plaintiff,

vs.                                     NO. CIV 10-451 BB/RLP

UNIVERSITY OF NEW MEXICO BOARD OF
REGENTS, UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE, and the NATIONAL
BOARD OF MEDICAL EXAMINERS,

        Defendants.

**DEFENDANTS UNIVERSITY OF NEW MEXICO BOARD OF REGENTS
AND UNIVERSITY OF NEW MEXICO SCHOOL OF MEDICINE'S
ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS UNDER 42 U.S.C. §1983 AND FAILURE TO ACCOMMODATE
FOR DISABILITY UNDER THE AMERICANS WITH DISABILITIES ACT,
THE REHABILITATION ACT OF 1973, AND BREACH OF CONTRACT**

**COME NOW** Defendants University of New Mexico Board of Regents and University

of New Mexico School of Medicine (hereinafter collectively known as "UNM") by and through

their Counsel of Record Cadigan & Park, P.C. (Alfred A. Park) and for their Answer to

Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and

Failure to Accommodate for Disability Under the Americans with Disabilities Act, the

Rehabilitation Act of 1973, and Breach of Contract states as follows:

### JURISDICTION AND VENUE

1.      Defendants UNM are without sufficient information to admit or deny the

allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint for Violation of

Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the

Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

2.      Defendants UNM admit to the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract.

3.      Defendants UNM admit to the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract.

4.      Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

5.      Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

6.      The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of

Contract, constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a Court construes these allegations to require a response by Defendants UNM, these allegations are denied and strict proof is demanded thereof.

7.      Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

8.      The allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a Court construes these allegations to require a response by Defendants UNM, these allegations are denied and strict proof is demanded thereof.

9.      The allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a Court construes these allegations to require a response by Defendants UNM, these allegations are denied and strict proof is demanded thereof.

## FACTS COMMON TO ALL COUNTS

10.      Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint for Violation of

Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

11.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

12.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

13.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

14.     Defendants UNM admit to the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract.

4

15.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

16.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

17.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

18.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

19.     Defendants UNM deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to

Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

20.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

21.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

22.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same and demand strict proof thereof.

23.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same and demand strict proof thereof.

24.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

25.     Defendants UNM admit to the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract to the extent that students must successfully pass and complete all steps of the Medical Licensing Exam administered by Defendant NMBE to remain in and graduate from the University of New Medical School, and that graduation is required to receive a license to practice medicine in New Mexico. Defendants UNM are without sufficient information to admit or deny the remaining allegations in the paragraph and thus deny the same.

26.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

27.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

28.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

29.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

30.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

31.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

32.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the

Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

33.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

34.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

35.     Defendants UNM deny the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

36.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

37.     Defendants UNM deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to

Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

38.     Defendants UNM deny the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

39.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

40.     Defendants UNM admit to the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract.

41.     Defendants UNM deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

42.     Defendants UNM admit to the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract.

43.     Defendants UNM admit to the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract.

44.     Defendants UNM deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

## COUNT I
## DEPRIVATION OF RIGHT OF DUE PROCESS
## 42 U.S.C. §1983
## (UNIVERSITY OF NEW MEXICO)

Defendants UNM's Answers to the preceding paragraphs of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, are restated and incorporated.

45.     Defendants UNM deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

46.     Defendants UNM deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

47.     Defendants UNM deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

**COUNT II**
**VIOLATION OF THE AMERICANS WITH**
**DISABILITIES ACT AND REHABILITATION**
**ACT OF 1973**
**(UNIVERSITY OF NEW MEXICO)**

Defendants UNM's Answers to the preceding paragraphs of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, are restated and incorporated.

48.     Defendants UNM deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

49.     Defendants UNM deny the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and demand strict proof thereof.

**COUNT III**
**BREACH OF CONTRACT**
**(UNIVERSITY OF NEW MEXICO)**

Defendants UNM's Answers to the preceding paragraphs of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for

Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, are restated and incorporated.

50.    The allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a Court construes these allegations to require a response by Defendants UNM, these allegations are denied and strict proof is demanded thereof.

51.    The allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a Court construes these allegations to require a response by Defendants UNM, these allegations are denied and strict proof is demanded thereof.

52.    The allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a Court construes these allegations to require a response by Defendants UNM, these allegations are denied and strict proof is demanded thereof.

53.    Defendants UNM deny the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to

Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

54.   Defendants UNM deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

**COUNT IV**
**VIOLATION OF THE AMERICANS**
**WITH DISABILITIES ACT AND**
**REHABILITATION ACT OF 1973**
**(NATIONAL BOARD OF MEDICAL EXAMINERS)**

Defendants UNM's Answers to the preceding paragraphs of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, are restated and incorporated.

55.   Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

56.   Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

57.    Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

## COUNT V
## BREACH OF CONTRACT

Defendants UNM's Answers to the preceding paragraphs of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, are restated and incorporated.

58.    Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

59.    Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

60.    Defendants UNM deny the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to

Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

61.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

62.     Defendants UNM are without sufficient information to admit or deny the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint for Violation of Civil Rights Under 42 U.S.C. §1983 and Failure to Accommodate for Disability Under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Breach of Contract, and therefore deny the same, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

As separate and alternative affirmative defenses, Defendants University of New Mexico Board of Regents and University of New Mexico School of Medicine state as follows:

I.      Plaintiff failed to state a claim for which relief can be granted.

II.     Plaintiff failed to exhaust his administrative remedies.

III.    Plaintiff's claims are barred by the statute of limitations.

IV.     Plaintiff's claims are barred by the doctrine of laches and waiver.

V.      Plaintiff's claim is barred by the Eleventh Amendment

VI.     Defendant's alleged actions were motivated by legitimate business purposes.

VII.    Any harm to Plaintiff was caused, wholly or in part, by Plaintiff's own actions and inactions.

VIII.    Any harm to Plaintiff was caused, wholly or in part, by other named Defendants, or by unnamed third parties.

IX.    UNM's alleged actions were rationally related to a legitimate state interest.

X.    Plaintiff failed to request accommodation for his alleged disability.

XI.    The accommodations that Plaintiff allegedly requested would have created an undue burden for UNM.

XII.    The accommodations Plaintiff requested were unreasonable.

XIII.    Plaintiff fails to identify the alleged contract forming the basis for his Breach of Contract claim.

XIV.    Plaintiff failed to allege a written contract as required by §37-1-23 NMSA 1978.

XV.    At all times Defendant UNM acted in accordance with its policies and regulations, and applied such policies and regulations consistently and fairly.

XVI.    Plaintiff's § 1983 claims are barred because Plaintiff failed to comply with the procedural requirements of the underlying statute upon which they are based.

XVII.    Plaintiff is barred by statute from naming the University of New Mexico School of Medicine as a distinct Defendant in this matter.

XVIII. Defendants UNM fulfilled any and all obligations it had to Plaintiff under contract or statute.

XIX.    Defendant reserves the right to amend its Answer to Plaintiffs' Complaint to include additional Affirmative Defenses once facts supporting same become known.

Respectfully submitted,

CADIGAN & PARK, P.C.


By **/s/ Alfred A. Park**
    Alfred A. Park
    *Counsel for Defendants UNM Board of Regents*
       *& UNM School of Medicine*
    3840 Masthead Street, N.E.
    Albuquerque, New Mexico  87109
    (505) 830-2076


I hereby certify that a true and correct copy
of the foregoing document was mailed to:

Dennis W. Montoya
*Montoya Law, Inc.*
Post Office Box 15235
Rio Rancho, New Mexico  87174-0235

on this 26th day of August 2010.

**/s/ Alfred A. Park**
Alfred A. Park

18