IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAD CUNNINGHAM,

    Plaintiff,

vs.                                      NO. CIV 10-451 BB/RLP

UNIVERSITY OF NEW MEXICO BOARD OF
REGENTS, UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE, and the NATIONAL
BOARD OF MEDICAL EXAMINERS,

    Defendants.

### MOTION TO STAY DISCOVERY UNTIL THE COURT RULES ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

**COME NOW** Defendants University of New Mexico Board of Regents and University of New Mexico School of Medicine (collectively, "UNM Defendants"), by and through their counsel of record, Cadigan & Park, P.C. (Alfred A. Park and Lawrence M. Marcus), and hereby file their Motion to Stay Discovery until the Court rules on their Motion to Dismiss Plaintiff's Complaint with Prejudice. In support of this Motion to Stay Discovery, UNM Defendants state as follows:

### BACKGROUND

Plaintiff Chad Cunningham brought the present suit against UNM Defendants and the National Board of Medical Examiners ("NBME") alleging that Defendants failed to provide reasonable accommodations to him regarding the administration of Step 1 of the United States Medical Licensing Examination ("USMLE"), a national examination for which all American medical students are required to sit after their second year of medical school. In his Amended

Complaint, Plaintiff alleges violations of 42 U.S.C. § 1983 (Count I), the Americans with Disabilities Act ("ADA") and the Rehabilitation Act (Count II), and breach of contract (Count III), against UNM Defendants.[1] Plaintiff seeks money damages, as well as injunctive relief, such as the tolling of the six year requirement for the completion of medical school. On September 22, 2010 UNM Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint in its entirety. In their Motion to Dismiss, UNM Defendants assert that Plaintiff's Amended Complaint should be dismissed in its entirety, because Plaintiff's causes of action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and breach of contract are barred by the Eleventh Amendment. Moreover, Plaintiff failed to state a claim upon which relief can be granted for any of his causes of action. The Motion to Dismiss is dispositive of all of Plaintiff's claims against UNM Defendants. Accordingly, discovery in this matter should be stayed pending a determination of the dispositive Motion to Dismiss.

## ARGUMENT

The Federal Rules of Civil Procedure authorize this Court to stay discovery pending a decision on UNM Defendants' Motion to Dismiss. In this case, staying discovery is proper because the Motion to Dismiss is dispositive of all claims made by Plaintiff. Moreover, the Court should grant the stay to protect UNM Defendants from discovery on a frivolous cause of action.

### A. Rule 26 Authorizes the Court to Issue a Stay of Discovery

Federal Rules of Civil Procedure 26(b)(2) & (c) empower this Court with the discretion to stay discovery pending its ruling on UNM Defendants' dispositive Motion to Dismiss. Fed. R.

---

[1] Plaintiff's First Amended Complaint contains five counts. Counts IV and V are violations of the ADA and breach of contract, respectively, against Defendant NBME, thus Counts I-III are the sole counts against UNM Defendants.

Civ. P. 26(b)(2) & (c). Federal Rule of Civil Procedure 26(b)(2) allows this Court to enter an order limiting discovery if it determines that:

> The burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(iii). This Court's power to limit discovery is further detailed in Fed. R. Civ. P. 26(c) which provides that upon motion and for good cause shown, this Court may enter an order that "disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1).

Significantly, courts and commentators agree that trial courts have the discretion to stay discovery pending the ruling on a motion raising dispositive legal issues. *See generally* 4 J. Moore, J. Luca & Grotheer, Moore's Federal Practice Para 26.69 at 26-366-67, Para 26.70 at 26-378 (2d ed. 1994). Numerous courts have concluded that when a defendant responds to a plaintiff's complaint with a motion to dismiss for failure to state a claim or where a dispositive legal motion is pending, a court may properly deny or postpone plaintiff's discovery requests. *See, e.g.,* Maxey by Mexey v. Fulton, 8980 F.2d 279, 282 (10th Cir. 1989) (no discovery on merits of civil rights suit prior to ruling on the issue of qualified immunity if plaintiff does not allege violation of clearly established law); Marrese v. American Academy of Orthopaedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983) rev'd on other grounds, 470 U.S. 373 (1984) (discovery of confidential records prior to ruling on legal issues of competitive effect of antitrust action is within the discretion of the trial court); Ellington Timber Co. v. Great Northern Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970) (court may defer costly and possibly unnecessary discovery pending the resolution of a potentially dispositive preliminary issue).

The purpose of this common sense rule is simple: staying discovery in a suit which may be dismissed by a dispositive legal motion prevents the parties from wasting time and effort and makes the most efficient use of judicial resources. *See* McDonnell-Douglass, Corp. v. Polin, 429 F. 2d 30 (3rd Cir. 1970). The Seventh Circuit Court of Appeals, in its explanation that a court must exercise appropriate control over discovery requests when a case presents dispositive legal issues, stated the following:

> [a]s we have pointed out, a district court has the power under Rules 26(c) and (d) of the Federal Rules of Civil Procedure, and in a clear case the duty to defer a burdensome discovery request pending completion of discovery on an issue that may dispose of the entire case and thereby make the request moot. We are speaking here only of the postponement and not denial, of discovery.

Marrese v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1497 (7th Cir. 1983) rev'd on other grounds, 470 U.S. 373 (1984). Accordingly, the Federal Rules of Civil Procedure grant this Court the authority to stay discovery in this matter pending the outcome of a Motion to Dismiss which is dispositive of all of the claims raised by Plaintiff.

**B. UNM Defendants Should be Protected from Discovery**

Plaintiff's Complaint is a frivolous lawsuit that fails to state a claim upon which relief may granted. Accordingly, UNM Defendants should be protected from any discovery pending the consideration of their Motion to Dismiss. Even accepting as true all of Plaintiff's allegations for the purpose of this Motion, UNM Defendants are entitled to dismissal.

Significantly, any discovery is completely unnecessary at this stage of the litigation. UNM Defendants' Motion to Dismiss presumes that allegations in Plaintiff's Amended Complaint are true. The Motion to Dismiss simply tests the legal sufficiency of the Amended Complaint by questioning whether Plaintiff may prevail under any stated facts provable under the claim. *See*, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Furthermore, UNM

Defendants' Motion calls for a legal determination, rather than an evidentiary analysis of Plaintiff's claims. *See,* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Moreover, should UNM Defendants' Motion to Dismiss be successful, it would render any of Plaintiff's future discovery requests moot. As such, UNM Defendants should not be forced to bear the burden and cost of responding to Plaintiff's discovery requests pending a ruling on their dispositive Motion. Therefore, the Court should grant UNM Defendants' Motion to Stay Discovery.

**WHEREFORE**, UNM Defendants respectfully requests that the Court grant their Motion to Stay Discovery until the Court Rules on their Motion to Dismiss.

Respectfully submitted,

CADIGAN & PARK, P.C.

By **/s/ Alfred A. Park**
Alfred A. Park
Lawrence M. Marcus
*Counsel for Defendants UNM Board of Regents & UNM School of Medicine*
3840 Masthead Street, N.E.
Albuquerque, New Mexico 87109
(505) 830-2076

I hereby certify that a true and correct copy
of the foregoing document was mailed to:

Dennis W. Montoya
*Montoya Law, Inc.*
Post Office Box 15235
Rio Rancho, New Mexico 87174-0235

on this ___30th___ day of September 2010.

**/s/ Alfred A. Park**
Alfred A. Park