IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHAD CUNNINGHAM,**

Plaintiff,

vs.

**THE REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE, and the
NATIONAL BOARD OF MEDICAL
EXAMINERS,**

Defendants.

Case No.: CIV 10-451 BB/RLP

## MOTION TO DISMISS PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

Plaintiff Chad Cunningham's First Amended Complaint ("Complaint") asserts two counts against Defendant National Board of Medical Examiners ("NBME"): Count Four alleges violations of both the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act of 1973; Count Five alleges breach of contract.

NBME moves for dismissal of the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction because Mr. Cunningham's claims are not ripe, and therefore no case or controversy exists for the Court to resolve. Additionally, NBME moves for dismissal of Mr. Cunningham's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Mr. Cunningham fails to state a claim against NBME upon

which relief can be based for either an ADA violation, Rehabilitation Act violation, or breach of contract.

This motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Gerard F. Dillon, Ph.D., with exhibit, attached hereto as **Exhibit A**, the Declaration of Catherine Farmer, Psy.D. with exhibits, attached hereto as **Exhibit B**, and such argument as the Court permits.

## MEMORANDUM OF POINTS AND AUTHORITIES

NBME develops and administers the United States Medical Licensing Examination ("USMLE"). The USMLE is a standardized test that is used as part of the process for licensing physicians in New Mexico and in every other jurisdiction in the United States and its territories. Complaint ¶¶ 24-25. The Complaint asserts that NBME denied Mr. Cunningham testing accommodations on the USMLE, thereby violating his rights under the ADA and the Rehabilitation Act, and breaching an alleged contract. Complaint ¶¶ 30, 50-57. NBME, however, never *denied* Mr. Cunningham's request for accommodations: NBME merely requested that he supplement his application and provide supporting documentation to substantiate his request for accommodations. Complaint ¶ 30. Rather than provide the requested documentation, Mr. Cunningham took the exam without accommodations, and then filed this Complaint against NBME. Complaint ¶¶ 32-33. Mr. Cunningham's claims against NBME should therefore be dismissed for lack of ripeness and, additionally, for failure to state a claim.

## FACTUAL BACKGROUND

### I. NBME and the United States Medical Licensing Examination

NBME is a private, not-for-profit organization whose mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of prospective

health professionals. Declaration of Gerard F. Dillon, Ph.D. ("Dillon Decl.") ¶ 2. Together with the Federation of State Medical Boards of the United States, another non-profit organization, NBME has established the USMLE program. *Id.*

The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles—and to demonstrate fundamental patient-centered skills—that constitute the basis of safe and effective patient care. *Id.* State medical boards rely upon the successful completion of the USMLE as an important component of their process for licensing physicians to practice medicine in their states. *Id.* ¶ 3.

The USMLE has three components, or "Steps." Complaint ¶ 24; Dillon Decl. ¶ 4. The USMLE Step 1 examination is the exam that is relevant in this case. Complaint ¶¶ 26-33. The Step 1 examination consists of approximately 350 multiple-choice questions which assess whether the examinee understands and can apply important concepts of the sciences basic to the practice of medicine, with special emphasis on principles and mechanisms underlying health, disease, and modes of therapy. Dillon Decl. ¶ 4. Step 1 is a standardized test, administered on a computer in a proctored test center most days of the week, nearly year round. *Id.* ¶ 7. In order to protect the reliability and comparability of the resulting scores, there is a "standard" set of test administration conditions, such as the amount of testing and break time that examinees receive. *Id.* ¶ 3.

## II. Mr. Cunningham's Alleged Disabilities

Mr. Cunningham enrolled in the University of New Mexico ("UNM") School of Medicine in 2005. Complaint ¶ 14. He claims to have been diagnosed with a light sensitivity disorder sometimes known as "Scotopic Sensitivity Syndrome" or "Irlen Syndrome." *Id.* ¶¶ 16-17; *see also* Declaration of Catherine Farmer, Psy.D ("Farmer

Decl.") at ¶ 6. He also allegedly suffers from a reading disability.[1] Farmer Decl. ¶ 6. Mr. Cunningham alleges that, under the ADA, these conditions entitle him to additional testing time and other accommodations when he takes the Step 1 exam. Complaint ¶¶ 7, 20.

### III. The ADA's Applicability to Testing Organizations

Under Title III of the ADA,[2] any private entity "that offers examinations . . . related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations . . . in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. This provision applies to the USMLE. *See, e.g., Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004). The ADA applies to individuals with a covered "disability." "Disability" is defined as having "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Thus, having a diagnosed impairment is not the same thing as being "disabled" within the meaning of the ADA. *McGuinness v. Univ. of N.M. Sch. Of Med.*, 170 F.3d 974, 979 (10th Cir. 1998).

---

[1] It is unclear whether he is claiming that the reading disability is a separate disability, or if the reading disability stems from the Scotopic Sensitivity Syndrome. *See* Complaint at ¶ 16 (characterizing the "syndrome" as a form of dyslexia).

[2] The ADA, codified at Title 42, Chapter 126 of the United States Code, is divided into subsections, including Employment ("Title I"), Public Services ("Title II") and Public Accommodations and Services Operated by Private Entities ("Title III"). Because this is not an employment claim and NBME is a private nonprofit corporation—not a public entity—Titles I and II do not apply. The only applicable ADA provision is Title III, specifically section 309, codified at 42 U.S.C. § 12189. *See Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 155 (3d Cir. 1999). The Department of Justice ("DOJ") interpretive guidelines written for Title III, found at 28 C.F.R. Part 36, applies to claims involving testing by a private agency. *See Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 626, 630-631 (6th Cir. 2000) (applying DOJ guidelines to Title III claim against NBME); *see also* 90 CIS P.L. 101336; 101 CIS Legis. Hist. P.L. 336.

NBME provides reasonable and appropriate accommodations for individuals with documented disabilities, in accordance with the ADA. Farmer Decl. ¶¶ 3-4. To maintain the integrity of the USMLE, only those requests with adequate supporting documentation are considered. *See Powell*, 364 F.3d at 88-89 (noting that NBME's test accommodation procedures "are designed to ensure that individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the medical licensing examination.")

"As administrator of the national exam used by a number of states for licensing medical doctors, the National Board has a duty to ensure that its examination is fairly administered to all those taking it." *Id.* Licensing authorities around the nation rely on the USMLE to help ensure that individuals who have not demonstrated minimum competence do not receive an initial license to practice medicine and treat the public. Dillon Decl. ¶¶ 2-3. NBME therefore reviews requests for accommodations on the USMLE in a conscientious and fair manner, giving examinees with documented disabilities equal access to the examination. Farmer Decl. ¶ 3.

IV.   **Mr. Cunningham's Request for Testing Accommodations**

Mr. Cunningham took Step 1 of the USMLE on February 19, 2009. Complaint ¶ 26. He registered to retake Step 1 on May 13, 2009, and this time requested testing accommodations. Complaint ¶ 28; Farmer Decl. ¶ 6. Shortly thereafter, on May 20, 2009, NBME sent Mr. Cunningham a letter asking for additional documentation concerning his disability and resulting limitation. Complaint ¶¶ 30-31; Farmer Decl. ¶ 7. Mr. Cunningham did not respond to NBME's request, but rather elected to take the Step

1 examination a second time without accommodations on June 24, 2009. Complaint ¶ 32; Farmer Decl. ¶ 8.

Although Mr. Cunningham claims he was not able to gather the necessary documentation "in the short time" between receiving NBME's May 20 letter and the June 24 test date, Complaint ¶ 32, he could have requested an extension of his testing eligibility period to allow him sufficient time to complete his request for accommodations. Applicants choose the three-month window within which they will take Step 1 of the USMLE. Dillon Decl. ¶ 6. If an applicant is unable to test within the selected three-month window, he or she may extend the testing window for an additional three months thereby providing a six-month period during which to schedule and complete the examination. *Id.* Mr. Cunningham made no such request. Farmer Decl. ¶ 8. In an effort to assist examinees planning to test with accommodations, NBME advises applicants to allow up to eight weeks for processing of completed requests for accommodations. Dillon Decl., Exh. A thereto at 17.

As of the filing of this motion, Mr. Cunningham is neither registered to take the Step 1 exam, nor does he have any pending requests for accommodations. Farmer Decl. ¶ 9. Until Mr. Cunningham re-registers to take the Step 1 examination with a request for accommodations, NBME cannot evaluate his claim of disability or render a decision regarding accommodations. *Id.* ¶¶ 4-5

## ARGUMENT

I.  **Mr. Cunningham's claims against NBME are not ripe for adjudication, and therefore this Court has no subject matter jurisdiction over the claims and should dismiss all claims against NBME pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.**

### A.  Applicable Legal Standard Under Rule 12(b)(1)

On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Cortez v. EEOC*, 585 F. Supp. 2d 1273, 1282 (D.N.M. 2007). In challenging a complaint for lack of subject matter jurisdiction, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). When considering a motion to dismiss under Rule 12(b)(1), the facts asserted in the complaint should ***not*** be presumed to be true, and the Court has wide discretion to consider affidavits and other documents. *Sizova v. Nat'l Inst. of Standards and Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

A federal court lacks subject matter jurisdiction if the matter has not ripened into a case or controversy as required by Article III, Section 2 of the United States Constitution. *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807-08 (2003). Exercising jurisdiction over only those cases which are ripe for adjudication prevents the courts "from entangling themselves in abstract disagreements" about "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (internal quotations and citations omitted). Determining whether a case is ripe for adjudication requires a two-part analysis: (i) "the fitness of the issues for judicial decision" and (ii) "the hardship to the parties of withholding court consideration." *Texas v. United States*, 523 U.S. 296, 300 (1998).

### B.     Mr. Cunningham's ADA and breach of contract claims are not ripe for judicial decision.

NBME would have to deny Mr. Cunningham's request for accommodations before Mr. Cunningham could properly allege that NBME violated the ADA or the Rehabilitation Act, or breached an alleged contract. No such denial has occurred. Farmer Decl. ¶ 8. Moreover, Mr. Cunningham is not currently registered to take the USMLE and has no pending request for accommodations. *Id.* ¶ 12. If Mr. Cunningham registers to test and provides the requested documentation, it is entirely possible that NBME will grant his request for accommodations.

Because NBME has not had the opportunity to make a decision on an actual request for accommodation – much less denied the request – adjudicating this dispute would entangle the Court in claims that depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas*, 473 U.S. at 581 (internal quotations and citations omitted). The risk of error and wasted judicial resources in such a premature adjudication is high.

In a nearly identical case in the Western District of Louisiana, a medical student brought suit against NBME for failing to provide requested accommodations. *Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480 (W.D. La. Jun. 7, 2010). Like Mr. Cunningham, Kober had failed to provide the documentation NBME requested to evaluate his accommodation request. The court dismissed the claim for lack of ripeness, holding that plaintiff's claim "turns on hypothetical, contingent events, since NBME has not denied his request for special testing accommodations." *Id.* at *2. The court noted that "[l]ogic would compel the conclusion that a suit based upon the denial of a request for special testing accommodations becomes actionable upon the denial of the

request. However, Kober's claim is unripe for adjudication because a denial has not yet occurred." *Id.*

If Mr. Cunningham registers to test, requests accommodations, and NBME denies his request, this Court will have a basis for evaluating his claims and determining what relief, if any, should be granted. Until then, Mr. Cunningham cannot meet his burden to show that this Court has subject matter jurisdiction over the dispute.

### C. Dismissing the ADA, Rehabilitation Act, and breach of contract claims against NBME for lack of subject matter jurisdiction would not be a hardship for Mr. Cunningham.

Mr. Cunningham will not suffer hardship or prejudice if he waits until NBME makes a decision about testing accommodations before bringing his suit. To prevail on his claims against NBME, Mr. Cunningham will have to show that he is disabled within the meaning of the ADA. *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1063 (9th Cir. 2005). To do so, he will have to produce the very documents that NBME asked him to provide in the May 20, 2009 letter. If anything, the process of re-registering for the Step 1 exam and providing supporting documentation for an accommodation request would be <u>less</u> of a hardship for Mr. Cunningham than pursuing this litigation. If, and only if, NBME denies his fully-documented request for accommodations would Mr. Cunningham have a claim ripe for adjudication.

This Court does not have subject matter jurisdiction over this matter: Mr. Cunningham has not been denied testing accommodations, and therefore his claims that NBME violated both the ADA and the Rehabilitation Act and breached an alleged contract are not ripe for adjudication. Each of the claims against NBME should be dismissed. *See Kober*, 2010 WL 2342480, at *3.

II. **Mr. Cunningham failed to state a claim against NBME upon which relief can be based and therefore his claims against NBME should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

A. **Applicable Legal Standard Under Rule 12(b)(6)**

When deciding a motion to dismiss under Rule 12(b)(6), courts "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Unlike facts, legal conclusions are not presumed to be true when considering a motion to dismiss under Rule 12(b)(6). *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

When a claim alleges the violation of a right granted by a federal statute, the plaintiff must also make a claim for relief that is within the power of the courts to grant. Fed. R. Civ. P. 8(a)(3). Dismissal under Rule 12(b)(6) is appropriate when the plaintiff fails to request relief that may be granted under the statute from which the claim arises. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007) (dismissing claim under Fair Labor Standards Act for failure to request relief that could be calculated by the court).

B. **Mr. Cunningham did not request injunctive relief against NBME, which is the only relief available under the ADA.**

Mr. Cunningham alleges that NBME violated the ADA but fails to request relief for the alleged violation that is within the power of this Court to grant as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure. Mr. Cunningham's claim against NBME arises, if at all, under Title III of the ADA. *See* discussion *supra* at n.2. Private plaintiffs suing under Title III of the ADA are not entitled to damages, and may only request

injunctive relief. Powell, 364 F.3d at 86. Mr. Cunningham requests "[m]oney damages" and "such damages as may be permitted" by the ADA. Complaint ¶ 57(c), (d). That relief cannot be granted by this Court.

Although the cut-and-paste nature of the Complaint makes Mr. Cunningham's other requests for relief somewhat difficult to decipher, he does not appear to request injunctive relief against NBME for the alleged ADA violation. His only prayers that plausibly could be construed as requests for injunctive relief are for reinstatement at UNM School of Medicine, tolling of an alleged six-year time limit for completing medical studies, and "to resume his studies with accommodation and attempt to obtain a medical license without further delay or interference." Complaint ¶ 57(a), (b), (g). UNM may have the power to grant these forms of relief, but NBME does not. Thus, these cannot be construed as requests for injunctive relief against NBME.

Because Mr. Cunningham has not requested relief that this Court can grant against NBME for the alleged violation of the ADA, the ADA claims against NBME should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. *See Zhong*, 498 F. Supp. 2d at 630.

### C. The Rehabilitation Act Does Not Apply to a Private Program or Entity that Does Not Receive Federal Financial Assistance.

In addition to asserting an ADA claim, Count Four of the Complaint purports to assert a claim under the Rehabilitation Act, which bars disability discrimination "under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Mr. Cunningham's Rehabilitation Act claim cannot survive because the Complaint fails to allege that NBME receives federal financial assistance, as required by the Rehabilitation Act.

To state a cause of action under the Rehabilitation Act, the plaintiff must allege, *inter alia*, discrimination by "a 'program or activity' receiving federal financial

assistance." *Greater Los Angeles Council on Deafness, Inc., v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987); *see also National Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 466 (1999) (affirming motion to dismiss Title IX claim, which has an identical requirement for "Federal financial assistance," because plaintiff failed to allege that defendant directly received federal funds). It is not sufficient to allege, as does the Complaint, that the program is "under the color of state law." Complaint ¶¶ 3-4. The plaintiff must "identify specifically the program or activity at issue when legal obligations, like those imposed by section 504, turn on the existence of federal funding." *Zolin*, 812 F.2d at 1112; *see also Lucas v. K.O.A. Residential Community*, No. 2:06CV992, 2008 WL 80407, *3 (D. Utah Jan. 4, 2008) (motion for summary judgment granted when plaintiff failed to identify program receiving federal financial assistance). NBME is a private nonprofit organization, not affiliated with any state or local government. Mr. Cunningham fails to identify any NBME program or activity that receives federal financial assistance that would entitle him to relief under the Rehabilitation Act -- perhaps because there is no such program or activity.

In an attempt to preserve his faulty Rehabilitation Act claim, the Complaint characterizes NBME as a state actor, asserting that NBME "acted under color of the law of the State of New Mexico in that [NBME] acted in concert with and as an agent of [UNM]." Complaint ¶ 4. Mr. Cunningham's conclusory assertions that NBME acted under color of state law do not suffice; whether a party is a state actor is a question of law for the court to decide. *See e.g., Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (establishing the "close nexus" test, which determines if the state can be deemed responsible for the specific conduct of which the plaintiff complains); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, (1961) (applying a "joint participant" test,

which asks if the state has "insinuated itself into a position of interdependence with [the acting party]" sufficiently to be recognized as a joint participant in the challenged activity); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (applying the "public function" test, which looks at whether the private party is engaged in activities traditionally left to the state).

The Complaint lacks any factual allegations that would allow the Court to conclude that NBME is a state actor and therefore subject to the Rehabilitation Act. Indeed, numerous federal district courts have granted Rule 12 motions to dismiss on the ground that ***NBME does not act under the color of state law simply because it administers a nationwide testing program***. For example, in *Boggi v. Medical Review and Accrediting Council*, a court in the Eastern District of Pennsylvania applied the "close nexus," "symbiotic relationship," and "public function" tests and concluded that NBME was not a state actor. See No. 08-4941, 2009 WL 2951022, at *6-7 (E.D. Pa.) (Sept. 15, 2009). Similarly, in *Brown v. Fed'n of State Med. Bds. of the U.S.*, the district court in the Northern District of Illinois concluded that NBME was not a state actor. *See* No. 82-C-7398, 1985 WL 1659, at *5 (N.D. Ill. May 31, 1985). The *Brown* court found that NBME merely supplied a service, and the actual state actors were the state licensing boards, which maintained control over whether to use and if so how to use the test. *Id*.

Merely supplying to examinees a test that may be used by UNM and the State of New Mexico does not make NBME a state actor subject to the Rehabilitation Act. Mr. Cunningham's Rehabilitation Act claim should be dismissed for failure to state a claim.

>   D.   **Mr. Cunningham fails to state a claim for breach of contract against NBME.**

Mr. Cunningham's breach of contract claim also should be dismissed pursuant to Rule 12(b)(6). Although it is difficult to discern from the allegations in the Complaint exactly which contract or contracts are at issue in Count Five, Mr. Cunningham ultimately alleges that "NBME has breached its contractual obligations to provide reasonable accommodation for the Plaintiff's disability." Complaint ¶ 62. In reality, NBME's duty as a private actor to provide reasonable accommodation for disabilities arises not from contract, but from a federal statutory scheme, i.e., Title III of the ADA. Mr. Cunningham's breach of contract claim is nothing more than an improper effort to execute an end run around the ADA, which allows a disabled individual to bring a cause of action against a private entity that discriminates in offering accommodations and services, but then limits the individual's remedies to injunctive relief. *Powell*, 364 F.3d at 86.

Mr. Cunningham's ADA, Rehabilitation Act, and alleged "breach of contract" claims all arise from the same nucleus of operative facts: NBME's alleged failure to provide reasonable accommodation for an asserted disability. Complaint ¶¶ 55-62. Mr. Cunningham acknowledges that the ADA governs his claim against NBME for its alleged breach of the duty to provide reasonable accommodation, stating specifically that he "is a person under a disability as defined in the Americans With Disabilities Act" and that "his right to apply for and obtain reasonable accommodation for his disability" is "provided by the Americans with Disabilities Act." Complaint ¶¶ 7, 48.

The Complaint makes reference to three contracts with "express or implied terms" that allegedly give Mr. Cunningham the "contractual right and reasonable expectation that he will be given reasonable accommodation for any current physical disability that

may hinder his ability to take the test." Complaint ¶¶ 58-61. The three alleged contracts that contain these terms include (1) the contract between UNM and Mr. Cunningham to provide educational services in exchange for tuition, (2) the contract between NBME and UNM to provide USMLE testing services, and (3) the contract between NBME and Mr. Cunningham for USMLE testing. *Id.*

As a threshold matter, the existence of a contract is not a fact, but a legal conclusion. *See Woodard v. Kilburn*, 118 P.2d 278, 278-79 (N.M. 1941). Mr. Cunningham has failed to plead sufficient facts to allow the Court (or NBME) to identify the specific contracts or their actual terms. Therefore, Mr. Cunningham's assertions about the alleged contracts are not entitled to a presumption of truth when considering this motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50.

Mr. Cunningham's allegations regarding two of the three alleged contracts are inadequate under the *Iqbal* plausibility standard. With respect to the contract between UNM and Mr. Cunningham, the Complaint does not allege that NBME is a party to that contract; therefore, NBME cannot possibly be liable for any breach of that contract. *See Sanders v. FedEx Ground Package Sys., Inc.*, 188 P.3d 1200, 1208 (N.M. 2008) (breach of contract occurs when "a party to the contract" fails to perform). With respect to the alleged contract between NBME and UNM "to provide USMLE testing," there is no such contract. Even Mr. Cunningham acknowledges that the contract is merely theoretical, stating that he is "an intended beneficiary or constructive party to any agreement between Defendants NBME and UNM to provide USMLE testing." Complaint ¶ 60. This is not enough survive a challenge under Rule 12(b)(6) because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

Even assuming – for purposes of this motion only – that any of these alleged "contracts" did exist, none of them would give Mr. Cunningham an independent right to assert a separate breach of contract claim against NBME. Mr. Cunningham contends that a violation of the ADA's "reasonable accommodation" requirement constitutes a violation of the alleged contracts because they expressly or impliedly incorporate this ADA requirement. *See* Complaint ¶¶ 55, 58-61. Reference to the ADA in a contract, however, does not give rise to a separate breach of contract action if the ADA is violated. Indeed, the "Tenth Circuit has rejected the argument that, because existing law is part of every contract, a violation of [a statute] may be asserted under a contractual theory." *Morgan v. Valley Ins. Co.*, No. CIV-07-799-D, 2009 WL 1683787 (W.D. Okla. Jun. 12, 2009) (addressing Oklahoma's Unfair Claims Settlement Practices Act) *citing Council Oaks Learning Campus, Inc. v. Farmington Cas. Co.*, No. 99-5122, 2000 WL 376623, at *3-4 (10th Cir. April 13, 2000) (same).

NBME informs test-takers that NBME provides reasonable and appropriate accommodations in accordance with the ADA. *See, e.g.*, Dillon Decl., Exh. A (NBME's Bulletin of Information ("BOI")) at 17 ("The USMLE program provides reasonable accommodations for examinees with disabilities who are covered under the [ADA].") and Farmer Decl., Exh. A (NBME's Guidelines to Request Test Accommodation ("Guidelines")) at 3 (the USMLE Program "provides reasonable and appropriate accommodations in accordance with the [ADA] for individuals with documented disabilities who demonstrate a need for accommodation.").[3] But informing Mr.

---

[3] The inclusion of documents in a motion to dismiss pursuant to Rule 12(b)(6) does not convert it into a motion for summary judgment if the documents are central to the plaintiff's claims and their authenticity is not disputed. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). If the Complaint were correct that a contract exists between NBME and either UNM or Mr. Cunningham, the BOI and the Guidelines would be the written manifestations of that contract and are therefore central to Mr.

Cunningham that NBME follows a federal law does not give rise to a separate breach of contract action, even assuming NBME had not complied with the ADA.

Mr. Cunningham has not stated a valid claim for breach of contract against NBME, and therefore his breach of contract claim should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, NBME respectfully requests that this Court dismiss all claims against NBME pursuant to Rule 12(b)(1) without prejudice with leave to refile his claims if NBME were to deny him a properly requested accommodation. Alternatively, if the Court determines that it has subject matter jurisdiction over this case, NBME respectfully requests that this Court dismiss all claims against NBME pursuant to Rule 12(b)(6) with prejudice.

RESPECTFULLY SUBMITTED this 4th day of October, 2010.

OSBORN MALEDON, P.A.

By /S/
Ronda R. Fisk *(Admitted Pro Hac Vice)*
Shane M. Ham *(Admitted Pro Hac Vice)*
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012
(602) 640-9363
(602) 640-6063 – FAX

---

Cunningham's claim. Thus the Court may consider the BOI and Guidelines without converting this motion into a motion for summary judgment. *Id.*

CHAPPELL LAW FIRM, P.A.

By /s/ Bill Chappell
Bill Chappell, Jr.
Albuquerque Centre, Suite 150
6001 Indian School Rd., NE
Albuquerque, New Mexico 87110
(505) 878-9600
(505) 878-9696 - FAX
*Attorneys for the National Board of Medical Examiners*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of October, 2010, I filed the foregoing Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) electronically through the CM/ECF procedures for the District of New Mexico, which caused the following parties or counsel to be served by electronic means, as more fully reflected of the Notice of Electronic Filing:

Dennis W. Montoya
P.O. Box 15235
Rio Rancho, NM 87174-0235

Attorneys for Plaintiff

Alfred A. Park
Cadigan & Park, P.C.
3840 Masthead St., NE
Albuquerque, NM 87109

Counsel for Defendants UNM Board of Regents
 & UNM School of Medicine

/s/ Bill Chappell
Bill Chappell, Jr.