**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CHAD CUNNINGHAM,**

        **Plaintiff,**

**vs.**                                                    **No. CIV 10-0451BB/RLP**

**THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO, UNIVERSITY OF
NEW MEXICO SCHOOL OF MEDICINE,
THE NEW MEXICO SCHOOL OF MEDICINE
and the NATIONAL BOARD OF MEDICAL
EXAMINERS,**

        **Defendants.**

**PLAINTIFF'S RESPONSE TO DEFENDANT UNIVERSITY
OF NEW MEXICO BOARD OF REGENTS AND
UNIVERSITY OF NEW MEXICO SCHOOL OF MEDICINE'S
MOTION TO DISMISS**

**INTRODUCTION**

The Plaintiff was a medical student at Defendant University of New Mexico School of

Medicine ("UNM Medical School" or "UNM") in 2009, when the events upon which his

claims are based occurred.  The Plaintiff has suffered vision problems and headaches while

reading since elementary school.  His vision was examined but the physicians could find no

physical reason for his problems.  He proved to be highly intelligent and worked through his

problems, using various strategies, and earned high grades through high school.  He became

interested in a career in medicine and took the Medical College Admission Test ("MCAT")

and failed it in several tries because of his reading difficulties and constant headaches while

taking the examination.

The Plaintiff eventually passed the MCAT and was accepted to the UNM School of Medicine in 2005.  He attended classes until he had to take medical leave in 2006, and was unable to complete the first year.  He suffered from constant and severe headaches and high blood pressure caused by the demands of reading, and received medical treatment.  During treatment it was discovered that he suffered from Scoptic Sensitivity Syndrome, a condition of the eyes that had caused him the vision problems since childhood.  The condition caused him to be very sensitive to certain kinds of lighting.  He was given prescriptions and glasses that reduced the effects of the condition and allowed him to return to classes in 2007.

The Plaintiff informally requested that Defendant UNM provide accommodation for his condition, which included additional time to take tests or shorter test segments, lighting adjustments and screen color adjustments for computers.  His request was refused by officials at UNM and he had to repeat his first year of classes without accommodation and still had problems with his vision and headaches while reading but he managed to finish his first two (2) years of classes in 2009.

The medical school requires that after the second year of classes a student must take and pass Step 1 of the United States Medical licensing Examination ("USMLE").  The USMLE is developed and administered by the National Board of Medical Examiners ("NBME"), a non-profit, private corporation that provides examinations and related services

---

to most of the medical schools and state medical boards.  Medical students must pass the Step 1 examination before proceeding to their third year of medical school and medical licensing. The Step 1 test is the first of three (3) examinations that a prospective physician must pass before being licensed.

The Plaintiff took the Step 1 test in early 2009, without accommodation and suffered from vision problems and headaches from the harsh florescent lighting at the testing facility, which aggravated his eye condition.  In February 2009, the Plaintiff learned that he had failed the examination.   He re-applied for the June 2009, examination and requested accommodation from NBME consistent with his disability.  Pursuant to instructions from NBME, the Plaintiff provided the Defendant with medical records from the discovery of his disability in 2006, and psychological evaluations outlining his condition and accommodation needs.

On May 20, 2009, a few weeks before the June examination, the Plaintiff received a letter from NBME informing him that his application for accommodation had been denied. The letter informed him that the documents that he had sent were insufficient, and that in order to be reevaluated he must send more documentation of his disability, including records going back to elementary school, standardized test scores, contemporaneous reports from teachers, tutors or treatment providers, objective records showing the chronic course and

impact of his disability, and; additional reports from employment and other sources that document his disability, and further reports from his psychologist.  The letter, coming shortly before the June examination, did not provide enough time for the Plaintiff to gather the records and evaluations before the examination.  And in any event, any such records would not document his disability because his condition had not been diagnosed until 2006.  The Plaintiff had no other choice but to take the USMLE without accommodation and failed it because of the conditions under which he had to take the test.

Under UNM rules, a medical student must pass the Step 1 USMLE before moving on to the third year of medical school, and may take the examination only three (3) times.  After failing for the third time a student is ineligible for further medical education.  The school also has a rule that a student must finish his or her classes within six (6) years, meaning that since the Plaintiff entered medical school in 2005, he must finish by 2011 or 2012, if his first year does not count.

During and after the Plaintiff's troubles with NBME, he attempted to formally apply for accommodation with the Disability Committee at UNM.  He further requested that the Disability Committee assist him with his request to receive accommodation for the USMLE. The chairman of the Disability Committee refused to accept his submission for accommodation and his case was never considered by the committee.  He then turned to the

Dean of Students for assistance and was told to, "get over it and take the test."

Defendant UNM has placed the Plaintiff on academic leave until he passes the USMLE, and has been informed that he must finish the curriculum by October 2012, or the six (6) year rule will disqualify him from further attendance.  The Plaintiff is still bound by his contract with the medical school, and under the terms is barred from working while on academic leave and has no means of income.

## ARGUMENT AND AUTHORITIES

### 1.    Standard of Review for a Motion to Dismiss.

The Defendants bring their motion under F.R.Civ.P. 12(b)(1) and (6).  In making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the defendant may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends, and when reviewing such an attack, the district court may not presume the truthfulness of the complaint's factual allegations and has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.  Consideration of such matters outside pleadings does not convert motion into summary judgment motion. *Holt v United States,* 46 F.3d 1000 (10th Cir. 1995).  When a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Bell Atlantic Corp. v. Twombly*, 504 U.S. 544, 545,

547(2007).  Dismissal under F.R.Civ.P. 12(b)(6) can occur only where it appears beyond doubt that the plaintiff is not able prove any set of facts supporting his claim that would entitle him to relief. *See e.g., H. J. Inc. v. Northwestern Bell Tel. Co.,* 492 U. S. 229, 249-50 (1989).  In determining the sufficiency of a complaint on a 12(b)(6) motion, the issue is not whether the plaintiff will ultimately prevail, but whether he plaintiff is entitled to offer evidence to support his claim.  *See Scheuer v. Rhodes*, 416 U.S.232, 236 (1974).

When ruling on a motion to dismiss, the court must accept all the factual allegations set forth in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  It is not the court's role to weigh potential evidence that the parties might present a trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which relief can be granted. *See Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (l0th Cir. 1999).  It is sufficient if the complaint contains, "enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

2.     **The Plaintiff's Claims Are Not Barred by the Eleventh Amendment.**

Defendants University of New Mexico Board of Regents and the University of New Mexico School of Medicine (collectively, "UNM") are state agencies or political subdivisions of the State of New Mexico, but are not immune from suit under the facts and

claims in this case.

**Eleventh Amendment Immunity under 42 U.S.C. § 1983.**

A state (including a state official sued in an official capacity) is not a "person" for the purpose of 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Damages from a state treasury are not available from an action under 42 U.S.C. § 1983. *See, e.g., Lapides v. University System of Georgia*, 535 U.S. 613, 617–18 (2002). Where a state has not waived immunity, claims for money damages are barred by the Eleventh Amendment. 42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will* at 66. New Mexico has not waived immunity for deprivation of rights claims. *See e.g.*, New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-1, et seq.

However the Eleventh Amendment does not bar a claim for prospective relief against a state or state officials in their official capacities where the relief does not directly involve money damages. *Ex parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan,* 415 U.S. 651 (1974); *Muscogee (Creek) Nation v. Oklahoma Tax Com'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). Insofar as the Plaintiff's Complaint requests prospective relief it is not barred by the Eleventh Amendment.

An examination of the Plaintiff's Complaint indicates that he is requesting an opportunity to attend medical school under accommodation for his disability. Amended Complaint, ¶¶ 35 - 44, Count I, ¶¶ 45 - 47, and prayer for relief, a and b. The Plaintiff's prayer for relief in Count I, the § 1983 claim against UNM, requests in part:

> a.    Reinstatement and enrollment in the Plaintiff's normal course of study at UNM.

> b.    Extension of Defendant UNM's six year rule to toll the time that the Plaintiff was without accommodation for his disability or for the time necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements and complete his normal course of study.

The relief requested is prospective and injunctive in nature and the Plaintiff has alleged irreparable harm where he is presently barred from attending classes and unless he is permitted to finish medical school before October, 2012, he will be disenrolled and not permitted to finish medical school because of the Defendant's six (6) year rule. *Id.* ¶¶ 39 - 44, 46 and 47. Because a part of the relief requested under § 1983 is prospective, the Defendant is not entitled to dismissal for lack of jurisdiction.

**Eleventh Amendment Immunity Under the ADA.**

The Plaintiff's claims under the Americans with Disabilities Act ("ADA") are not barred by the Eleventh Amendment. Although the Defendant presents an interesting argument that Title II of the ADA should not apply in this case because of the state's

immunity under the Eleventh Amendment, the fact is that the Supreme Court has decreed that

Title II does apply to state governments.  Title II, 42 U.S.C. § 12132, states:

> [N]o qualified individual with a disability shall, by reason of
> such disability, be excluded from participation or denied the
> benefits of the services, programs or activities of a public entity,

In *Tennessee v. Lane*, 541 U.S. 509 (2004), the Supreme Court closely examined the

conditions that compelled congress to enact the ADA and Title II.  The analysis included

such matters as an examination of the legislative history of Title II, and the materials relied

upon in enacting the legislation.  *Lane* at 511.  The Court then considered the statute itself in

light of the Eleventh Amendment immunity alleged by the Defendant herein, finding that

Title II specifically abrogated the immunity of a state in relation to the federal legislation.  *Id.*

at 517-18.  42 U.S.C. § 12202 states:

> A State shall not be immune under the Eleventh Amendment to
> the Constitution of the United States from an action in Federal
> or State court of competent jurisdiction for a violation of this
> chapter.

The Court further considered whether or not Congress had the power to abrogate the

power of the state in the light of its opinion in *Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976),

finding that "Congress can abrogate a State's sovereign immunity when it does so pursuant to

a valid exercise of its power under § 5 of the Fourteenth Amendment to enforce the

substantive guarantees of that Amendment."  *Lane* at 518.  The Court concluded that the

---

abrogation of state powers and immunities under the Eleventh Amendment was a proper exercise of federal authority enforce the remedial provisions of Title II. *Id.* at 534.

The district court cases from other jurisdictions cited by the Defendant do not change the fact that the Eleventh Amendment does not provide a basis for dismissal of the present action for lack of jurisdiction. *See* Defendant's Motion, p. 14. A representative case from the Defendant's Motion, *Press v. State University of N.Y.*, 388 F.Supp 2d 127 (E.D.N.Y. 2005), found that a student at a state university who alleged he was denied accommodation and subjected to retaliation by the university faculty was precluded from his ADA claim by the Eleventh Amendment. the New York Court's opinion was apparently based, at least to a great degree, on the court's finding that education was not a constitutional or fundamental right and not subject to strict scrutiny. *Id.* at 134.

The *Press* court's decision seems unduly restrictive in comparison to the affirmation of Congress' right to abrogate the rights of the states in enacting Title II as expressed in *Lane*, and was admittedly contrary to the decisions of other courts in the Second Circuit, the decision does not apply here. *See Press* at 133 ("[T]he Court notes there is a division in the Second Circuit with regard to the application of *Lane*."). One thing that distinguishes *Press* from the present case is that the Plaintiff clearly has a property right in continuing his education at the UNM School of Medicine, and property rights are protected by the

Constitution.  The Plaintiff has a written contract with UNM that prevents him from seeking employment while he is on academic leave.  *See* Amended Complaint, ¶ 41.  Further, there is a property interest involved in obtaining a medical license after he graduates.  The New York case and the cases from other jurisdictions are not binding on this Court and absent a Tenth Circuit case that agrees with the Defendant, the Court should rely on *Lane*.

**The Court Has Jurisdiction Over the Contract Claim.**

The United States federal courts have jurisdiction to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently.  28 U.S.C. § 1367.  The legislature of New Mexico has waived sovereign immunity from actions on written contracts.  N.M.S.A. 1978 § 37-1-23(A).  The existence of a written contract between the Plaintiff and UNM is stated in the Amended Complaint, and is inherent in the rules of the Medical School that define the obligations of students such as the Plaintiff and the obligations of the University.  Whether or not the contract is sufficient to maintain a claim for breach is beyond the scope of the limited review of evidence permitted by Rule 12(b)(1).  *See Holt* .

3.   **The Plaintiff's Complaint States a Claim for Relief.**

**The Plaintiff's Claims Under 42 U.S.C. § 1983.**

The Defendant's argument under Rule 12(b)(6) appears to be identical to its Eleventh

Amendment defense argued above.  The Defendant argues that UNM and its officials are "arms of the state," and are not "persons" subject to an action under § 1983.  Defendant's Motion, p. 17.  Because the Plaintiff is requesting prospective relief under § 1983, the Defendant's arguments are not applicable and the Plaintiff's action under the statute should not be dismissed.  *See Edelman v. Jordan*, and other authorities cited above.

### The Plaintiff's Claims Under the ADA.

In its Rule 12(b)(6) argument, Defendant's Motion, pp. 18 - 22, UNM argues that the Plaintiff is not disabled and thus, his claim should be dismissed.  The nature of a judicial inquiry under 12(b)(6) is whether or not a plaintiff's complaint states a claim for which there is a plausible entitlement to relief.  *Twombly*, 504 U.S. at 545.  In a motion to dismiss, the court must accept all the factual allegations set forth in the complaint as true.  *Erickson*, 551 U.S. at 94.  The Court does not weigh evidence that the parties might present a trial, but is concerned as to whether the plaintiff's complaint states a legally sufficient claim upon which relief can be granted.  *Sutton*, 173 F.3d at 1236.

The Plaintiff has made plausible allegations in his complaint concerning the existence of a disability.  He describes his vision and reading problems from childhood that persisted through his admission to medical school, and the discovery that his problems were symptomatic of Scoptic Sensitivity Syndrome.  *See* Amended Complaint, ¶¶ 10 - 16.  He

alleges that he presented medical records and opinions to NBME and UNM to support his claim of disability.  *Id.* ¶¶ 29 and 36.

In the face of the numerous allegations in the Complaint, where the Plaintiff describes his problems with reading, taking tests, headaches and pleas to UNM for assistance in his disability, the Defendant claims that, [P]laintiff does not claim that he has a record of such an impairment, nor that he was regarded as having an impairment." Defendant's Motion, p. 18. This statement is contrary to the facts alleged in the Complaint.  The arguments following the statement as to whether or not the Plaintiff really has a disability that might affect his employment or major life functions are far beyond the scope of Rule 12(b)(6).  It is no accident that the principal case cited by the Defendant, *McGuinness v. University of New Mexico School of Medicine*, 170 F.3d 974 (10th Cir. 1998), was decided on summary judgment rather than a motion to dismiss, the issues argued are factual.

Note also that no affidavits or matters outside of the pleadings are attached to the Defendant's Motion which might convert the matter to a Rule 56 proceeding.  We decline to be drawn into an argument suitable for summary judgment proceedings when there has been no discovery in this case.

**Remaining Factual Issues Raised By the Defendant.**

The Defendant raises further factual issues in regard to whether or not UNM

discriminated against the Plaintiff and proximate cause.  Defendant's Motion, pp. 22 - 24.

These issues are properly the subject of summary judgment proceedings or trial.  Whether or

mot accommodation of the Plaintiff would "fundamentally alter the nature of the service,

program or activity," p. 22, is a purely factual determination.  So is the issue of proximate

cause raised at pp. 23 and 24.

   Causation is normally a jury question.  *See e.g., Chavez v. Manville Products Corp.*,

108 N.M. 643, 777 P.2d 371 (1989); *Stevens v. Barnard*, 512 F.2d 876, 879 (10th Cir.1975).

However, whether a plaintiff sufficiently alleges causation is a legal question.  *See Ramseyer

v. Century Healthcare Corp.*, 90 F.3d 1514, 1517 n. 1 (10th Cir.1996).  If the Defendant is

arguing that the Plaintiff has not alleged sufficient facts to support causation, the Court need

only to look at ¶¶ 36 - 39, where the Amended Complaint alleges that the Plaintiff was

denied the opportunity to submit his claim for accommodation to the UNM Disability

Committee, and was denied assistance by faculty members.  The allegations at ¶ 39, that the

determination that the Plaintiff had a disability would have materially assisted him in

receiving accommodation from NBME, establish a plausible claim for causation.  Certainly,

an opportunity to present his case to the Disability Committee would have given him a

reasonable opportunity to argue that the rules should be modified to allow him to continue

classes while sorting out his difficulties with NBME.  Note also that the existence of a UNM

---

Disability Committee implies a duty or enterprise by UNM to assist students who are claiming a disability, and a fair and impartial Committee could plausibly have assisted him in those difficulties.

**4.      The Plaintiff Has Stated a Contract Claim Against UNM.**

The Plaintiff has alleged that a written contract existed between UNM and him, and that rules existed that obligated both parties.  Amended Complaint, ¶¶ 39, 40, 50 - 54.  The nature of the contract and any contractual terms in the rules involve questions of fact and law that are not subject to determination in a motion to dismiss.  *See* Section 1, above.  Further, no discovery has been made that might permit the parties to argue the contractual issues and permit the court to make an informed decision.

**5.      UNM School of Medicine Was Properly Joined.**

N.M.S.A. 1978 § 21-7-4, cited by the Defendant, provides that the Board of Regents is empowered with "the right, as such, of suing and being sued."  § 21-7-3, has to do with the Board of Regent's powers to manage University property, construct buildings, and handle the finances of the University.  Nothing in either statute, or in § 21-7-8, also mentioned by the Defendant, prevents the School of Medicine from being named as a party.

Respectfully Submitted,
**MONTOYA LAW, INC.**

BY:

_____

Dennis W. Montoya, Esq.
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM 87174-0235
(505) 246-8499
(505) 246-8599 (Fax)
dmontoya@montoyalaw.com

**I HEREBY CERTIFY** that the foregoing
Response was filed via the Court's CM/EF
electronic filing system on October 18, 2010,
which on information and belief resulted in its
electronic transmission, together with a copy of
this Certificate of Service, to all counsel of record.

_____

Dennis W. Montoya