## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHAD CUNNINGHAM,**

**Plaintiff,**

**vs.**                                                    **No. CIV 10-0451BB/RLP**

**THE REGENTS OF THE UNIVERSITY**
**OF NEW MEXICO, UNIVERSITY OF**
**NEW MEXICO SCHOOL OF MEDICINE,**
**THE NEW MEXICO SCHOOL OF MEDICINE**
**and the NATIONAL BOARD OF MEDICAL**
**EXAMINERS,**

**Defendants.**

**PLAINTIFF'S RESPONSE TO DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) (DEFENDANT NBME)**

### INTRODUCTION

The Plaintiff was a medical student at the University of New Mexico School of Medicine ("UNM Medical School" or "UNM") in 2009, when the events upon which his claims are based occurred.  The Plaintiff has suffered vision problems and headaches while reading since elementary school.  His vision was examined but the physicians could find no physical reason for his problems.  He proved to be highly intelligent and worked through his problems, using various strategies, and earned high grades through high school.  He became interested in a career in medicine and took the Medical College Admission Test ("MCAT") and failed it in several tries because of his reading difficulties and constant headaches while taking the examination.

The Plaintiff eventually passed the MCAT and was accepted to the UNM School of Medicine in 2005.  He attended classes until he had to take medical leave in 2006, and was unable to complete the first year.  He suffered from constant and severe headaches and high blood pressure

caused by the demands of reading, and received medical treatment.  During treatment it was discovered that he suffered from Scoptic Sensitivity Syndrome, a condition of the eyes that had caused him the vision problems since childhood.  The condition caused him to be very sensitive to certain kinds of lighting.  He was given prescriptions and glasses that reduced the effects of the condition and allowed him to return to classes in 2007.

The Plaintiff informally requested that UNM provide accommodation for his condition, which included additional time to take tests or shorter test segments, lighting adjustments and screen color adjustments for computers.  His request was refused by officials at UNM and he had to repeat his first year of classes without accommodation and still had problems with his vision and headaches while reading but he managed to finish his first two (2) years of classes in 2009.

The medical school requires that after the second year of classes a student must take and pass Step 1 of the United States Medical licensing Examination ("USMLE").  The USMLE is developed and administered by Defendant National Board of Medical Examiners ("NBME"), a non-profit, private corporation that provides examinations and related services to most of the medical schools and state medical boards.  Medical students must pass the Step 1 examination before proceeding to their third year of medical school and medical licensing.  The Step 1 test is the first of three (3) examinations that a prospective physician must pass before being licensed.

The Plaintiff took the Step 1 test in early 2009, without accommodation and suffered from vision problems and headaches from the harsh florescent lighting at the testing facility, which

aggravated his eye condition.   In February 2009, the Plaintiff learned that he had failed the examination.   He re-applied for the June 2009, examination and requested accommodation from NBME consistent with his disability.   Pursuant to instructions from NBME, the Plaintiff provided the Defendant with medical records from the discovery of his disability in 2006, and psychological evaluations outlining his condition and accommodation needs.

On May 20, 2009, a few weeks before the June examination, the Plaintiff received a letter from NBME informing him that his application for accommodation had been denied.   The letter informed him that the documents that he had sent were insufficient, and that in order to be reevaluated he must send more documentation of his disability, including records going back to elementary school, standardized test scores, contemporaneous reports from teachers, tutors or treatment providers, objective records showing the chronic course and impact of his disability, and; additional reports from employment and other sources that document his disability, and further reports from his psychologist.   The letter, coming shortly before the June examination, did not provide enough time for the Plaintiff to gather the records and evaluations before the examination. And in any event, any such records would not document his disability because his condition had not been diagnosed until 2006.   The Plaintiff had no other choice but to take the USMLE without accommodation and failed it because of the conditions under which he had to take the test.

Under UNM rules, a medical student must pass the Step 1 USMLE before moving on to the third year of medical school, and may take the examination only three (3) times.   After failing for the

third time a student is ineligible for further medical education. The school also has a rule that a student must finish his or her classes within six (6) years, meaning that since the Plaintiff entered medical school in 2005, he must finish by 2011 or 2012, if his first year does not count.

During and after the Plaintiff's troubles with NBME, he attempted to formally apply for accommodation with the Disability Committee at UNM. He further requested that the Disability Committee assist him with his request to receive accommodation for the USMLE. The chairman of the Disability Committee refused to accept his submission for accommodation and his case was never considered by the committee. He then turned to the Dean of Students for assistance and was told to, "get over it and take the test."

UNM has placed the Plaintiff on academic leave until he passes the USMLE, and has been informed that he must finish the curriculum by October 2012, or the six (6) year rule will disqualify him from further attendance. The Plaintiff is still bound by his contract with the medical school, and under the terms is barred from working while on academic leave and has no means of income.

## ARGUMENT AND AUTHORITIES

1.     **Standard of Review for a Motion to Dismiss.**

The standard for granting a motion to dismiss is well settled. When a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Bell Atlantic Corp. v. Twombly*, 504 U.S. 544, 545, 547(2007). Dismissal under F.R.Civ.P. 12(b)(6) can occur only where it appears beyond doubt that the plaintiff is not able prove

any set of facts supporting his claim that would entitle him to relief. *See e.g., H. J. Inc. v. Northwestern Bell Tel. Co.,* 492 U. S. 229, 249-50 (1989).  In determining the sufficiency of a complaint on a 12(b)(6) motion, the issue is not whether the plaintiff will ultimately prevail, but whether he plaintiff is entitled to offer evidence to support his claim. *See Scheuer v. Rhodes*, 416 U.S.232, 236 (1974).

When ruling on a motion to dismiss, the court must accept all the factual allegations set forth in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Summary judgment is reviewed in a light most favorable to the non-movant. *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir.2005).  It is not the court's role to weigh potential evidence that the parties might present a trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which relief can be granted. *See Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (l0th Cir. 1999).  It is sufficient if the complaint contains, "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

**2.**     **The Case Is Ripe for Adjudication and the Court Has Jurisdiction over this Matter.**

Defendant NBME correctly identified the two-part analysis for determining if a case is ripe for adjudication. *See Texas v. United States*, 523 U.S. 296 (1998), *see also Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 57 n. 18 (1993). *Texas* and similar cases require a determination based on (1) the fitness of the issues for judicial decision and, (2) the hardship to the parties of withholding court

consideration.  *Id.* at 300.  However, the doctrine of ripeness does not apply in this matter because the matter is ready for adjudication and delay would cause an extreme hardship on the Plaintiff.

Apparently, the basis for the application of the ripeness doctrine as alleged by the Defendant is that the Plaintiff has no current request before the NMBE for testing or disability accommodation.  The Defendant argues that if the Plaintiff would just register for the Step 1 USMLE examination and submit documentation on his ability instead of filing a lawsuit, NMBE might accommodate him and allow him to take the test under appropriate conditions.  Defendant's Motion, p. 8.

The Defendant's allegations ignore the fact that the Plaintiff's Complaint shows that he has registered for the examination and has provided documentation required by Defendant NBME, but the Defendant has denied his request to take the USMLE with accommodations.  Amended Complaint, ¶¶ 26 - 33.  The Plaintiff first took the Step 1 USMLE in early 2009, when it was administered in a small room with bright, florescent lighting, which caused him to experience headaches and difficulty in concentration.  *Id.* ¶¶ 26 and 27.

The Plaintiff failed the USMLE and registered to take the examination in June 2009, and requested reasonable accommodation for his disability, providing NMBE with documents from a physician, who certified his disability, and a clinical psychologist, who described the Plaintiff's disability and the accommodation needed by him to take the Step 1 examination.  *Id.* ¶¶ 26, 28 and 29.  NBME denied the Plaintiff's request for accommodation in a letter dated May 20, 2009, purportedly because there was no record of any accommodation in his educational history, and

demanded additional documentation to support his claim of disability. The Defendant's letter required the Plaintiff to submit records going back to elementary school, including standardized test scores, contemporaneous reports from teachers, tutors or treatment providers, and records showing the chronic course and impact of his disability, additional

reports from employment and other sources that the Defendant claimed was necessary to document his disability, including further reports from a psychologist. *Id.* ¶¶ 30 and 31.

Unsurprisingly, since the demand for further documentation was made in late May and the USMLE was to be given in June 2009, the Plaintiff was unable to acquire the great volume of records going back to his elementary school days. *Id.* ¶ 32. The Plaintiff was forced to take the June USMLE under conditions similar to the first examination, and failed to pass. *Id.* ¶¶ 32 and 33.

The Defendant alleges that it needs the documentation regarding the Plaintiff's disability to ensure the "integrity of the USMLE." Defendant's Motion, p. 5, citing *Powell v. NBME*, 364 F.3d 79, 88 - 89 (2d Cir. 2004). The Defendant's concern appears to be that affording a person such as the Plaintiff with an accommodation without extensive documentation might permit persons without *"bona fide* disabilities" to compete unfairly with the non-disabled. Defendant's Motion, p. 5. However, the extent of the accommodation needed by the Plaintiff is adequate, non-florescent lighting that does not produce a glare or reflection from the test papers. *See* Amended Complaint, ¶¶ 17 and 27. It is difficult to see how such a minimal accommodation could allow the Plaintiff to compete unfairly with other medical students taking the test. In fact, it could be argued that

affording all test-takers with adequate and comfortable lighting would more fairly reflect their abilities and improve the testing procedure.

The Plaintiff has had his disability since childhood, when he suffered from headaches and other problems after prolonged reading.  Amended Complaint ¶ 10.  He remained undiagnosed until he was in medical school in 2006, that he suffered from Scoptic Sensitivity Syndrome, a form of dyslexia.  Until he was diagnosed the Plaintiff compensated for his disability by perseverance and intelligence.  *Id.* ¶¶ 11 - 13, and 16.  He has no records that show a record of disability since elementary school as demanded by Defendant NBME.  Providing records prior to 2006 would be an exercise in futility because he was not diagnosed until 2006[1].  Defendant NBME had all of the documentation that existed on the Plaintiff's disability when it rejected his request.  Considering that the further documentation requested would show no record of disability and accommodation, it is entirely safe to say that a further request would also be rejected if the Plaintiff had been able to comply in time for the June 2009, USMLE, or had he taken the additional steps of extending the test window as described by the Defendant in its Motion, pp. 6 and 8.

---

[1]The report of clinical psychologist Janice K. Griffith, provided to the Defendant as documentation of the Plaintiff's disability prior to the June USMLE, documents that the Plaintiff had vision and headache problems all of his life but remained undiagnosed until 2006.

---

The present case is different from the facts as represented by the Defendant in *Kober v. NBME,* No. 09-1772 (W.D. La. June 7, 2010)[2]. *See* Defendant's Motion, pp. 8 and 9. In *Kober* there was apparently some further documentation for Kober to produce that would show a disability. There are no "hypothetical, contingent events" here. *Id.* The Defendant has all of the documentation that relates to the Plaintiff's disability and need for accommodation that exists, and has rejected his request. As stated in the first paragraph of this section, there is no issue of ripeness in this matter, the Plaintiff has provided everything needed for the Defendant's decision on accommodation and has been wrongfully refused. Further applications would be futile. Note that the Defendant has had the Amended Complaint outlining the complete facts underlying the Plaintiff's disability and his inability to provide more documentation that is relevant since it was filed and served on March 14, 2010. The Defendant has made no offer to provide reasonable accommodation and the Court may presume that it does not intend to do so.

Although ripeness is not an issue in this matter, the Court should be aware that the Plaintiff has been prejudiced by the Defendant's failure to provide accommodation, and withholding consideration of the issues by the Court will cause undue hardship. *See Texas.* because the minimal accommodation required by the Plaintiff has been refused he has been unable to return to medical school because passing the Step 1 USMLE is a requirement for continuing his medical education and

---

[2]*The case is apparently unreported since the Plaintiff could not find it in the Federal Supplement.*

receiving a license to practice medicine.  Amended Complaint, ¶¶ 23 - 25.  The Plaintiff is presently unable to continue in medical school and is danger of being disqualified because of the UNM School of Medicine rule which requires a student to complete his studies within six (6) years.  *Id.* ¶ 42.

Further, a medical student is limited to three (3) attempts to pass the USMLE, and is disqualified from medical school if he or she does not pass the third time.  *Id.*  ¶ 34.  If, as the Defendant claims he should, the Plaintiff registers for the examination he risks his medical career if he takes the test without a judgment entitling him to accommodation.  The Court should reject the Defendant's argument regarding ripeness in regard to the ADA and contract claims.  *See* Defendant's motion, pp. 7 - 9.

**3.      The Plaintiff Has Requested Injunctive Relief.**

The Plaintiff's "cut-and-paste" Complaint (as characterized by the Defendant, p. 11) adequately requests relief other than money damages from the Defendant.   The Defendant's comment and inability to decipher the Complaint notwithstanding, the Plaintiff has presented a clear and concise continuum of the events leading to the claims, and has requested the Defendant be ordered to provide accommodation during testing.  *See* Amended Complaint, prayer for relief, ¶¶ b and g.  A court may exercise its discretion to fashion injunctive relief to remedy the effects of discrimination. *Briscoe v. Fred's Dollar Store*, 24 F.3d 1026, 1028 (8th Cir. 1994).

4.      **NBME Is a State Actor and May Have Liability Under the Rehabilitation Act.**

The various tests to determine if a party is a state actor described by the Defendant in its Motion, pp. 12 and 13, require a close association or close interests between the state and the private party. *See e.g., Jackson v. Metro Edison Co.*, 419 U.S. 345, 351 (1974). The Tenth Circuit has found that a private individual can be a state actor, "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Mehdipour v. Matthews*, 10-6073 (10th Cir 2010), quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case, " *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

Applying this flexible approach, Defendant NBME is a state actor in New Mexico. The close association of interests between UNM and NBME in evaluating the abilities of students and physicians as expressed in the Defendant's Motion, p. 3, is evidence of a joint enterprise. *See Burton v. Wilmington Park Parking Authority*, 365 U.S. 715, 725 (1961). As explained by the Defendant, NBME sets testing goals for applicants, applying three (3) Steps as components of a comprehensive examination procedure that is on a specific time schedule. Defendant's Motion, pp. 3 and 6. The Steps are closely coordinated with the UNM Medical School, which requires students to complete the Steps defined by NBME before advancing to further classes or obtaining license to practice medicine in New Mexico. *See* Amended Complaint, ¶¶ 23 - 25, 34, and 40. The Defendant has

"acted together with" the medical school in a manner that makes it a state actor subject to an action under § 1983. *Mehdipour.*

**5.      NBME Breached Its Contract With the Plaintiff.**

The Plaintiff's breach of contract claim rests upon several bases.  First, NMBE does not provide its services for free, he paid to take the examination as a necessary prerequisite for his medical education and licensing.  In return for payment he expected to receive fair treatment in the reasonable accommodation of any disability that limited his ability to take the examination.  The ADA, Title III, requires NBME to provide accessible arrangements for disabled individuals in its testing operations.  29 U.S.C. § 12189.  It does not control the amount of money charged for testing or other arrangements between the testing agency and the test-taker.  *See,* 42 C.F.R. § 36.309, where the regulations on examinations concern the physical layout of the testing facilities and other conditions involved in taking the examinations, but do not provide standards for the type and amount of documentation to establish a disability.

The Plaintiff's breach of contract claim is based upon the contractual agreement implied by his registration to take the USMLE and the unreasonable demands placed upon him to establish a disability when he had already sent the Defendant all of the relevant documents that existed.  Amended Complaint, ¶¶ 28 - 33, and Count V.  The actions of NBME breached the implied covenant of good faith and fair dealing inherent in the dealings between the parties.  As a result of the breach, the Plaintiff's opportunity to attend medical school and acquire a medical license has

been delayed or extinguished and he is entitled to damages for loss of income.  Count V.

Second, the fact that the UNM School of Medicine requires USMLE examinations by NBME as a condition of attendance and graduation is indicative of an agreement between the Defendant and UNM.  *See* Amended Complaint, ¶¶ 59 and 60.  At this point the exact conditions of the arrangement are unknown because there has been no discovery.  However, it is safe to assume that UNM requires adherence to state and federal laws regarding disabled persons in any such agreement with the Defendant.  In any event, the Plaintiff was an intended beneficiary of the agreement between UNM and NBME to provide testing.  The contract provides benefits to UNM because it provides the medical school with standards and scores in relation to students, and it benefits the students by providing a means to test their own abilities and deficits and to establish their qualifications to remain in medical school.

As a third-party beneficiary to the contract, the Plaintiff has standing to enforce its provisions.  *See Leyba v. Whitley*, 120 N.M. 768, 771, 907 P.2d 172, 175 (1995) (" Although courts stop short of declaring an intended third-party beneficiary to be in privity of contract, such a party is accorded traditional contract remedies with respect to the bargain intended for his or her benefit." ).  The agreement between the Defendant and UNM may or may not include express provisions applicable to the Plaintiff's contract claim regarding the Defendant's non-performance in denying him the opportunity to take the USMLE under reasonable conditions, and the Plaintiff should have an opportunity to explore the terms.  The issue in a motion to dismiss is not whether the plaintiff will

ultimately prevail, but whether he plaintiff is entitled to offer evidence to support his claim. *Scheuer.* Further, the Plaintiff should be able to enforce the covenant of good faith and fair dealing where it may apply to his claims.

## CONCLUSION

For the reasons given above Defendant National Board of Medical Examiners' Motion to Dismiss should be denied.

<div style="margin-left:40%;">

Respectfully Submitted,
MONTOYA LAW, INC.

BY:

_____

Dennis W. Montoya, Esq.
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM 87174-0235
(505) 246-8499
(505) 246-8599 (Fax)
dmontoya@montoyalaw.com

</div>

I HEREBY CERTIFY that the foregoing
Response was filed via the Court's CM/EF
electronic filing system on __October__, __18__, 2010,
which on information and belief resulted in its
electronic transmission, together with a copy of
this Certificate of Service, to all counsel of record.


_____

Dennis W. Montoya

---

***PLAINTIFF CHAD CUNNINGHAM'S RESPONSE TO DEFENDANT NATIONAL BOARD
OF MEDICAL EXAMINERS' MOTION TO DISMISS***
*Cunningham vs. Regents of the University of New Mexico, Et Al., No. CIV 10-451 BB/RLP*
*Page 14*