IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHAD CUNNINGHAM,

      Plaintiff,

                                                  Case No.: CIV 10-451 BB/RLP

vs.

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO, UNIVERSITY OF
NEW MEXICO SCHOOL OF MEDICINE,
and the NATIONAL BOARD OF
MEDICAL EXAMINERS,

      Defendants.

**DEFENDANT NBME'S REPLY TO PLAINTIFF'S RESPONSE
TO NBME'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

      Plaintiff Chad Cunningham, a former UNM medical school student,[1] has asked this Court to issue a ruling on whether NBME violated his rights by allegedly failing to provide him with testing accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE"). Mr. Cunningham asks this Court to issue an anticipatory ruling *today* that if certain contingent future events someday do occur, Mr. Cunningham will be entitled under the Americans with Disabilities Act (the "ADA") to receive accommodations on Step 1 of the USMLE. However, before such a question would be ripe for consideration by this Court, Mr.

---

[1]     NBME understands that the UNM School of Medicine's Committee for Student Promotion and Evaluation met with Mr. Cunningham on October 26, 2010, to discuss his progress through medical school. To our knowledge, the Committee dismissed Mr. Cunningham, effective immediately, because of his inability to complete his medical school program within six years, as required by UNM.

-1-

Cunningham would have to be eligible to take the examination (i.e., enrolled in or a graduate of a qualified medical school), reapply to take Step 1, reapply for accommodations under the ADA, and provide NBME with requested documentation to establish that he has a disability entitling him to accommodations under the ADA. Furthermore, NBME would have to deny his request for accommodation (which it has not yet done).

The question raised by the Complaint—whether NBME discriminated against Mr. Cunningham by denying him accommodations under the ADA on the USMLE—clearly has not ripened into a case or controversy because NBME never rendered a decision on Mr. Cunningham's request. This Court should dismiss all of Mr. Cunningham's claims against NBME pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Even if the Court were to determine it has jurisdiction to hear a lawsuit regarding these contingent future events, the claims against NBME still should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.    The Court must dismiss for lack of subject matter jurisdiction because Mr. Cunningham has not met his burden to prove that his claims are ripe for adjudication.**

Mr. Cunningham's response to the 12(b)(1) portion of the Motion relies on incorrect legal standards and numerous factual inaccuracies. He still has not met his burden to prove that this Court has the constitutional authority to hear this case.

**A.    Mr. Cunningham's response improperly conflates the standards for dismissal under Rule 12(b)(1) and Rule 12(b)(6).**

Mr. Cunningham fails to acknowledge that different standards apply to NBME's motions to dismiss under Rules 12(b)(1) and 12(b)(6). Response at 4-5. In particular, Mr. Cunningham fails to recognize that **in a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the allegations in the Complaint are not presumed to be true.** *Sizova v.*

*Nat'l Inst. of Standards and Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).  Indeed, NBME may present affidavits and other materials to "challenge the facts upon which subject matter jurisdiction is based."  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).  It is true that Mr. Cunningham's non-conclusory factual allegations may enjoy a presumption of truth *if* the Court reaches NBME's Rule 12(b)(6) Motion.  However, if Mr. Cunningham's claims are not ripe for adjudication, this Court has no subject matter jurisdiction over the case and no constitutional power to hear it.  *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807-08 (2003).  With regard to NBME's ripeness argument, not only are Mr. Cunningham's allegations not presumed to be true, but Mr. Cunningham bears the burden of proof that this Court has subject matter jurisdiction.  *Cortez v. EEOC*, 585 F. Supp. 2d 1273, 1282 (D.N.M. 2007).

        **B.**    **Mr. Cunningham has failed to meet his burden of establishing that the Court has subject matter jurisdiction over this matter.**

As a matter of law, Mr. Cunningham has failed to meet his burden to prove that this case is ripe for adjudication and that the Court has subject matter jurisdiction over his claims.  NBME has amply demonstrated that Mr. Cunningham's Complaint is based on "contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985).  Mr. Cunningham applied for Step 1 of the USMLE and sought accommodations based on an alleged disability, but before NBME could issue a final decision on his request, Mr. Cunningham chose to take the examination without accommodations.  Unless and until Mr. Cunningham is eligible to take the USMLE, registers for the exam, requests accommodations from NBME, and NBME denies the request, his claims will not ripen into a case or controversy and this Court will have no subject matter jurisdiction.  *Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480 (W.D. La. Jun. 7, 2010).

As detailed below, Mr. Cunningham's only "proof" that his claims against NBME are ripe for adjudication is the following series of false assertions: (1) Mr. Cunningham requested very limited accommodations; (2) NBME already denied his request for accommodations; (3) Mr. Cunningham provided NBME with all of the required documents; and (4) he did not have time to produce any additional documentation before taking Step 1 of the USMLE. Not only are these assertions actually false, they are not entitled to a presumption of truth in this Court's ripeness analysis. *Sizova*, 282 F.3d at 1324.

First, Mr. Cunningham now claims that "the extent of the accommodation needed by the Plaintiff is adequate, non-florescent lighting that does not produce a glare or reflection from the test papers."[2] Response at 7. Mr. Cunningham implies that NBME has acted unreasonably by allegedly denying such a simple request. This assertion is demonstrably false. Mr. Cunningham's actual request was quite different:

> I am requesting to take the exam **over 2 days w/ additional Break time**. If available adjust screen background to blue or green (not white); Also test in room were the lighting can be controlled (ie: decrease amount of fluorescent lighting) **or Double Time**.

Farmer Decl. Exh. B at 2 (emphasis added; all errors in original).

A request for extra testing time or extra break time is significant and serious. If granted, it requires the NBME to distribute to the test center a modified form of the standard computer-based examination. Dillon Decl. ¶ 8. Moreover, requests for extra testing time must be carefully considered because NBME "has a duty to ensure that its examination is fairly administered" and that "those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88-89 (2d Cir. 2004).

---

[2]   The USMLE is administered by computer, so the "glare or reflection from test papers" is not an issue for test-takers.

Second, Mr. Cunningham claims that NBME denied his request for accommodations on Step 1 of the USMLE. Response at 3, 6, 8, 9, 13. This claim is also unequivocally false. Farmer Decl. ¶ 9. NBME's May 20 letter to Mr. Cunningham in response to his request for accommodations made this point perfectly clear in the first paragraph:

> We have conducted a preliminary review of your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1. However, the information you submitted is incomplete and **we are therefore unable to make an informed decision about your request at this time.**

Farmer Decl. Exh. C (emphasis added). Mr. Cunningham's request for accommodations remained pending until he elected to test without accommodations, at which point his request was canceled. Farmer Decl. ¶ 8. NBME never made a final determination as to whether Mr. Cunningham is entitled to accommodations under the ADA. *Id.*

Third, Mr. Cunningham falsely contends that he "has provided documentation required by Defendant NBME." Response at 6 (citing Complaint at ¶¶ 26-33). In fact, Mr. Cunningham did not provide NBME with the documents it requested. The May 20 letter specifically identified which documents NBME needed, including historical data predating 2006, as well as copies of Mr. Cunningham's current medical school transcripts and the standard scores for the tests administered by Dr. Janice K. Griffen, the psychologist who diagnosed him in 2009 with a reading disability. Mr. Cunningham admits that he did *not* send in any additional documentation that NBME requested. *See, e.g.*, Response at 3. He argues that "[p]roviding records prior to 2006 would be an exercise in futility" because he was not diagnosed until 2006. Response at 8. Providing these documents would not be futile; they would corroborate the existence of the symptoms, such as reading-induced headaches, that he claims to have suffered "since childhood." Response at 8. Moreover, at a minimum Mr. Cunningham could have provided the post-2006 documentation requested by NBME, but chose not to.

Fourth, Mr. Cunningham relies heavily on the false premise that he had insufficient time to gather documentation relating to his requested accommodations between his receipt of the letter from NBME and "the June USMLE." *See* Response at 3, 7, 8. As Mr. Cunningham is well aware, there is no such thing as "the June USMLE." Unlike other examinations that are administered only on a few set dates during the year, USMLE Step 1 is administered on a continuous basis and may be taken almost any day of the year. Dillon Decl. ¶¶ 6-7. The person taking the test chooses a three-month testing window and then chooses a test day within that window. *Id.* Even the three-month testing window does not constitute a hard deadline because it may be extended into a six-month window upon request. Dillon Decl. ¶ 6. Taking advantage of this option would have given Mr. Cunningham five months, from the end of May 2009 until the end of October 2009, to gather the required documents to support his accommodation request and take the exam. The implication that NBME forced Mr. Cunningham to gather the documents in a matter of days or weeks is false.

With an accurate view of the facts and the applicable legal standard, Mr. Cunningham has failed to meet his burden to prove that this case is ripe for adjudication. He has shown neither that the issue is fit for judicial decision, nor that waiting to file suit until NBME denies a request for accommodations would create a hardship. *Texas v. United States*, 523 U.S. 296, 300 (1998). This Court has no jurisdiction to decide Mr. Cunningham's claims against NBME and therefore should dismiss those claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**II.    Mr. Cunningham fails to state a claim upon which the Court should grant relief.**

NBME has identified three different ways in which Mr. Cunningham's claims against NBME fail to state a claim upon which the Court could grant relief. First, Mr. Cunningham has failed to request relief for an alleged ADA violation that is within the Court's power to grant. Second, Mr. Cunningham has failed to allege that NBME receives federal financial assistance,

which is critical to his Rehabilitation Act claim. And third, Mr. Cunningham fails to state a breach of contract claim against NBME. Mr. Cunningham's Response does nothing to salvage his defective claims.

### A. Mr. Cunningham's Response states the wrong standard for dismissal pursuant to Rule 12(b)(6).

As a threshold matter, Mr. Cunningham offers a confused and misleading recitation of case law regarding the standard for dismissal pursuant to Rule 12(b)(6). The Response wrongly states that dismissal under Rule 12(b)(6) "can occur only where it appears beyond doubt that the plaintiff is not able to prove any set of facts supporting his claim that would entitle him to relief." Response at 4-5 (citing *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)). In fact, the United States Supreme Court declared that "this famous observation has earned its retirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Instead of asking whether any facts could support a claim, courts must "ask whether **it is plausible** that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (emphasis added). Moreover, when considering dismissal under Rule 12(b)(6), only *facts* are presumed to be true, not *legal conclusions*. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

### B. The Complaint does not request injunctive relief against NBME.

Rule 8(a)(3) of the Federal Rules of Civil Procedure requires that Mr. Cunningham make a plausible claim not only that NBME has injured him, but that this Court may grant him relief for that injury. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007). The only relief available to Mr. Cunningham for his ADA claim against NBME is injunctive relief, yet the First Amended Complaint does not seek injunctive relief from NBME for the alleged ADA violation. Mr. Cunningham responds that paragraphs (b) and (g) of his prayer for

relief constitute a request that "the Defendant be ordered to provide accommodation during testing." Response at 10. This simply is not true.

Paragraph (b) of the prayer for relief asks for an extension of UNM's six-year rule and alternatively asks that the extension be granted for the length of time Mr. Cunningham "was without accommodation for his disability" or for the length of time "necessary for the Plaintiff to receive accommodation to complete his Step 1 requirements." This is a prayer to require UNM to act by making an exception to its rule, not a demand that NBME do anything. NBME has no power to grant this relief so it cannot be construed as a request for an injunction against NBME.

Similarly, Paragraph (g) is merely a general prayer for equitable relief from UNM, including "such orders as may be necessary to permit the Plaintiff **to resume his studies** with accommodation." (emphasis added). While Mr. Cunningham may argue that this catch-all prayer includes a request for injunctive relief from NBME, a prayer for relief should identify both the remedies and the parties against whom relief is sought. *Panther v. Synthes (U.S.A.)*, 371 F. Supp. 2d 1267, 1279 (D. Kan. 2005) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1255 at 366 (2d ed.1990)). On its face, this request applies to UNM: UNM has dismissed Mr. Cunningham, and only UNM has the power to permit Mr. Cunningham to resume his studies there. The prayer makes no mention of NBME or even of taking the USMLE with accommodation. Mr. Cunningham's prayer for relief is not specific enough to meet the requirements of Rule 8(a)(3) of the Federal Rules of Civil Procedure.

### C.     Mr. Cunningham's Rehabilitation Act Claim fails as a matter of law.

NBME moves to dismiss Mr. Cunningham's Rehabilitation Act claim (Count IV) because the Complaint fails to allege that NBME receives federal financial assistance, as required by the Rehabilitation Act. 29 U.S.C. § 794(a) (the Rehabilitation Act bars disability discrimination "under any program or activity receiving Federal financial assistance"). Mr.

Cunningham's Response contains no defense for his failure to meet this threshold requirement for a Rehabilitation Act claim. As such, NBME's motion should be granted on the Rehabilitation Act claim.

In the section of his brief addressing the Rehabilitation Act claim, Mr. Cunningham suggests that NBME may be liable under the Rehabilitation Act because it is a "state actor." Response at 11-12. As explained in NBME's motion, a mere assertion that a party is a "state actor" does not suffice to state a Rehabilitation Act claim; there must be an allegation that the party receives federal funding. *Greater Los Angeles Council on Deafness, Inc.*, *v. Zolin,* 812 F.2d 1103, 1112 (9th Cir. 1987); *see also Lucas v. K.O.A. Residential Community*, No. 2:06CV992, 2008 WL 80407, *3 (D. Utah Jan. 4, 2008). Mr. Cunningham makes no such allegation in the Complaint or the Response.

Instead, Mr. Cunningham relies on cases that analyze whether a party is a state actor subject to liability under 42 U.S.C. § 1983. Mr. Cunningham concludes by stating that NBME "has 'acted together with' the medical school in a manner that makes it a state actor subject to an action under § 1983." Response at 11-12. The problem with Mr. Cunningham's analysis is that *he has not asserted a Section 1983 claim against NBME.* Count I of the Complaint asserts a Section 1983 action against Defendant UNM, not NBME; Counts IV and V, against Defendant NBME, do not assert a Section 1983 claim. *See* Complaint ¶¶ 45-47, 55-62.

Even if he had asserted such a claim against NBME, two federal courts that have examined this issue in depth have held that NBME is not a state actor under Section 1983. *Boggi v. Medical Review and Accrediting Council*, No. 08-4941, 2009 WL 2951022, at *6-7 (E.D. Pa. Sept. 15, 2009); *Brown v. Fed'n of State Med. Bds. of the U.S.*, No. 82-C-7398, 1985 WL 1659, at *5 (N.D. Ill. May 31, 1985). Mr. Cunningham cites no cases to the contrary. By Mr. Cunningham's logic, the fact that the UNM Medical School requires students to purchase a

stethoscope would make all medical supply stores state actors. Requiring students to make a purchase from a private company—be it for medical equipment or testing services—does not convert the private company into a state actor. As a matter of law, Mr. Cunningham's Rehabilitation Act claims against NBME are insufficient to maintain a cause of action.

### D. Mr. Cunningham's claim for breach of his contract with NBME remains nothing more than an ADA claim in disguise.

NBME moved to dismiss Mr. Cunningham's contract claim pursuant to Rule 12(b)(6) because it fails to state an independent basis for relief against NBME. The fact remains that Mr. Cunningham's ADA, Rehabilitation Act, and alleged "breach of contract" claims all arise from the same nucleus of operative facts: NBME's alleged failure to provide reasonable accommodations for an asserted disability. Complaint ¶¶ 55-62. In apparent recognition that his breach of contract claim is nothing more than an improperly restated ADA claim, Mr. Cunningham now argues that the specific terms of the contract allegedly breached by NBME are not governed by the ADA. Response at 12. His sole claim now is that NBME breached the implied covenant of good faith and fair dealing by requiring an excessive amount of documentation to prove that he is disabled within the meaning of the ADA, and that the ADA does not "provide standards for the type and amount of documentation to establish a disability." *Id.*

Mr. Cunningham's good faith and fair dealing argument merely circles back to a claim that NBME has violated the ADA. Mr. Cunningham alleges that NBME refused to grant him an accommodation based on the documentation he provided with his request. If Mr. Cunningham is in fact disabled under the ADA, then he is alleging that NBME violated the ADA by not accommodating him based on the limited documentation he provided. Merely alleging that NBME acted in bad faith by requiring more evidence than necessary does not transform his ADA claim into a contract claim. For the reasons explained at length in the Motion, a violation

of the ADA cannot not give rise to a state-law contract claim—a point Mr. Cunningham does not dispute in his Response. *See* Motion at 16-17. Thus, Mr. Cunningham has not stated a valid claim for breach of contract.

>  **E.  Mr. Cunningham fails to plead any facts that lead to a plausible inference that NBME and UNM have a contract to provide testing services.**

NBME has challenged Mr. Cunningham's assertions that there are contracts under which he is entitled receive accommodations, and that failure to provide accommodations is a breach of those agreements. Completely ignoring the standards set forth in *Twombly* and *Iqbal*, Mr. Cunningham clings to his claim that NBME breached a contract with UNM to which he is a third-party beneficiary. His only factual claims to support the legal conclusion that a contract exists do not create the plausible inference required by *Twombly*. In *Twombly*, the plaintiffs pleaded factual allegations of parallel behavior by companies which was consistent with an unlawful agreement between the companies, yet the Supreme Court found the complaint insufficient because although illegal agreement was conceivable, a lawful coincidence was an "obvious alternative explanation." *Twombly*, 550 U.S. at 567.

Similarly, Mr. Cunningham asserts that UNM requires passage of the USMLE "as a condition of attendance and graduation" which he claims "is indicative of an agreement" between UNM and NBME. Response at 13. There is an obvious alternative explanation for UNM's rules: UNM simply requires that medical students take the USMLE and has no agreement with NBME whatsoever. Just as in *Twombly*, Mr. Cunningham's interpretation of the alleged facts is conceivable but implausible. When considered under the current pleading standard rather than the outdated case law cited in the Response, the Complaint does not contain a well-pled cause of action for breach of the hypothetical contract between UNM and NBME.

## **CONCLUSION**

Mr. Cunningham's Response, relying as it does on numerous mistakes of fact and law, does nothing to diminish the analysis put forth in NBME's Motion. His claims are not ripe for adjudication, and even if they were ripe his Complaint does not state any claims upon which this Court may grant relief. For these reasons, and the reasons detailed in the Motion, NBME respectfully requests that this Court dismiss Mr. Cunningham's claims against NBME.

RESPECTFULLY SUBMITTED this 8th day of November, 2010.

OSBORN MALEDON, P.A.

By  /s/ Shane M. Ham
Ronda R. Fisk *(Admitted Pro Hac Vice)*
Shane M. Ham *(Admitted Pro Hac Vice)*
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012
(602) 640-9363
(602) 640-6063 - FAX

CHAPPELL LAW FIRM, P.A.

By  /s/ Bill Chappell, Jr.
Bill Chappell, Jr.
Albuquerque Centre, Suite 150
6001 Indian School Rd., NE
Albuquerque, New Mexico 87110
(505) 878-9600
(505) 878-9696 - FAX

*Attorneys for the National Board of Medical Examiners*

-13-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of November, 2010, I filed the foregoing **Defendant NBME's Reply to Plaintiff's Response to NBME's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)** electronically through the CM/ECF procedures for the District of New Mexico, which caused the following parties or counsel to be served by electronic means, as more fully reflected of the Notice of Electronic Filing:

Dennis W. Montoya
P.O. Box 15235
Rio Rancho, NM  87174-0235

Attorneys for Plaintiff

Alfred A. Park
Cadigan & Park, P.C.
3840 Masthead St., NE
Albuquerque, NM  87109

Counsel for Defendants UNM Board of Regents
 & UNM School of Medicine

  /s/ Shane M. Ham