IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHAD CUNNINGHAM,

        Plaintiff,

vs.                                                  NO. CIV 10-451 BB/RLP

UNIVERSITY OF NEW MEXICO BOARD OF
REGENTS, UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE, and the NATIONAL
BOARD OF MEDICAL EXAMINERS,

        Defendants.

## REPLY IN SUPPORT OF MOTION TO DISMISS

**COME NOW** Defendants University of New Mexico Board of Regents and University of

New Mexico School of Medicine (collectively "UNM Defendants"), by and through their Counsel

of Record Cadigan & Park, P.C. (Alfred A. Park and Lawrence M. Marcus) and for their Reply in

the Support of the Motion to Dismiss, **STATE:**

## I.  THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM UNDER 42 U.S.C. 1983, THE ADA, AND HIS BREACH OF CONTRACT CLAIM

### A.  The Eleventh Amendment Bars Plaintiff's Claim Under 42 U.S.C. § 1983

Plaintiff's claims under 42 U.S.C. § 1983 are clearly barred by the Eleventh Amendment to

the United States Constitution.  It is well-established that the Eleventh Amendment bars claims in

Federal Court against a state or any of its departments or agencies, including UNM Defendants.

Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Ross v. Bd. of Regents of the Univ. of N.M.,

599 F.3d 1114, 1117 (10th Cir. 2010). The only exceptions to this immunity are those situations

wherein the state has waived this immunity or where Congress has abrogated this immunity

pursuant to its powers under the Fourteenth Amendment to the United States Constitution. *See,*

*e.g.,.* Ward v. Presbyterian Health Services, 72 F. Supp. 2d 1285, 1291 (D.N.M. 1999).  The State

of New Mexico has not waived its immunity to suit under the Eleventh Amendment. Id., 72 F. Supp. 2d at 1293. It is equally clear that, by passing 42 U.S.C. § 1983, Congress has not abrogated states' Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 345, 99 S. Ct. 1139, 1147 (1979). Accordingly, this Court lacks jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983.

Significantly, Plaintiff admits that his claims for money damages under 42 U.S.C. § 1983 are foreclosed by the Eleventh Amendment. Instead, Plaintiff argues that he can maintain a claim for injunctive relief under Section 1983, under the exception to Eleventh Amendment immunity carved out in Ex Parte Young, 209 U.S. 123 (1908). However, the Ex Parte Young Doctrine is inapplicable to the present case. Plaintiff only brought suit against UNM, rather than any individual defendants. The Ex Parte Young doctrine, on the other hand, is only applicable to individuals. Id., 209 U.S. at 159-160 ("If the act which the state attorney general seeks to enforce be a violation of the Federal Constitution, the officer, in proceeding under such enactment, comes into conflict with the superior authority of that Constitution, and he is in that case *stripped of his official or representative character* and is subjected *in his person* to the consequences of his individual conduct.") (emphasis added).

It is also well established that the Ex Parte Young doctrine does not apply to state agencies. *See, e.g.,* Buchwald v. Univ. of N.M. Sch. Of Med., 159 F.3d 487, 496 (10th Cir. 1998) ("[T]he *ex parte Young* exception does not permit plaintiff to subject UNMSM, its Regents, or the Committee on Admissions to suit because they are state agencies…"). Similarly, in the present case, Plaintiff does not dispute that he sued the Regents of the University of New Mexico and the University of New Mexico Medical School, which are state agencies rather than individuals. Accordingly, this Court should not apply the Ex Parte Young doctrine. Rather, it should dismiss Plaintiff's claims under 42 U.S.C. § 1983, even to the extent that he seeks prospective relief.

**B.  Plaintiff's ADA Claims are Barred by the Eleventh Amendment**

The Eleventh Amendment bars Plaintiff's claim under the Americans with Disabilities Act. As noted above, where a state has not waived Eleventh Amendment immunity, the state may only be sued in federal court pursuant to a statute in which Congress abrogated this immunity pursuant to valid constitutional authority.  <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 65-73 (1996). Plaintiff is correct in his assertion that Congress *intended* to abrogate states' Eleventh Amendment immunity when it passed Title II of the Americans with Disabilities Act.  However, in the context of the present case, Congress did not have valid constitutional authority to abrogate this immunity when it passed the ADA.

Congress cannot abrogate Eleventh Amendment immunity pursuant to its general Article I powers.  <u>Id.</u>  It can only abrogate Eleventh Amendment immunity under its powers under Section 5 of the Fourteenth Amendment, which allows it to make laws to protect the rights guaranteed by the balance of the amendment, such as the right to due process or equal protection. <u>Bd. of Trustees of the Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 364 (2001).  However, even where a statute is intended to protect rights guaranteed by the Fourteenth Amendment, it can only abrogate Eleventh Amendment immunity for suits that arise in a context where the statute is actually necessary to correct such violations.  <u>Id.</u>  Accordingly, it is possible for a statute to abrogate Eleventh Amendment immunity from some suits based on the statute, but not for others.  It is for that reason why the Supreme Court held, in <u>Tennessee v. Lane</u>, 541 U.S. 509 (2004), that, *in the limited context of access to courts,* Title II of the ADA validly abrogated Eleventh Amendment immunity. However, contrary to Plaintiff's assertion, <u>Lane</u> is not applicable to the present case.

Congress can abrogate a state's Eleventh Amendment immunity from suits based on conduct that itself violates a person's Fourteenth Amendment rights.  <u>U.S. v. Georgia</u>, 546 U.S. 151, 159 (2006).   In addition, "Congress may enact so-called prophylactic legislation that

3

proscribes facially constitutional conduct, in order to prevent and deter unconstitutional conduct." Lane, 541 U.S. at 518. However, such prophylactic legislation is only valid "if it exhibits a congruence and proportionality between the [constitutional] injury to be prevented or remedied or the means adopted to that end." Id. at 520, citing City of Boerne v. Flores, 521 U.S. 507, 520 (1997).   Under this standard, Lane is clearly distinguishable from the present case.   Lane concerned access to the courts, which is a fundamental right.  A heightened standard is utilized for the analysis of the constitutionality of the state action, when such a fundamental right is at stake. 541 U.S. at 529.   Thus, it was easier to show a pattern of constitutional violations against the disabled in the context of state courts.  Id.  Accordingly, a requirement that the state provide disabled persons access to the courts is congruent and proportional to prevention of this violation. Id. at 531. Accordingly, Congress can abrogate states' Eleventh Amendment immunity for suits based on failure to accommodate people with disabilities in the state court system.  Id.

However, the Lane court was quick to point out that this same scrutiny would not be applied to other state-owned buildings, and that Title II may not abrogate Eleventh Amendment immunity in the case of, for instance, public hockey rinks.  Id. at 530-31.  Indeed, access to hockey rinks is not a fundamental right, so a failure to accommodate disabled persons at hockey rinks does not violate the Fourteenth Amendment because it is rationally related to the legitimate state interest in conserving state resources. *See, e.g.,* Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 367-68 (2001) (holding that employment was not a fundamental right, so a failure to accommodate disabilities in employment did not violate the Fourteenth Amendment). Accordingly, outside of the context of fundamental rights, the ADA does not validly abrogate states' Eleventh Amendment immunity.

It is well-settled that access to higher education is not a fundamental right. *See, e.g.,* San Antonio Ind. Sch. Dist. v. Rodriguez, 411 U.S. 1, 37 (1973).   Consequently, several federal

district courts have held that the ADA did not abrogate states' Eleventh Amendment immunity to suit for failure to accommodate disabilities in higher education. *See, e.g.,* Doe v. Bd. of Trustees of the Univ. of Ill., 429 F. Supp. 2d 930 (N.D. Ill. 2006); Press v. State Univ. of N.Y., 388 F. Supp. 2d 127 (E.D.N.Y. 2005); Johnson v. So. Conn. State Univ., 2004 WL 2377225 (D. Conn. 2004).

It is significant to note that Plaintiff does not dispute any of this analysis. Rather, Plaintiff attempts to distinguish the above cases by claiming that he had an unsubstantiated "property interest" in his medical education and future medical license. Plaintiff has not alleged any facts in his Complaint that would indicate that he had a property interest in his medical education, or in eventually earning a license to practice medicine. However, even assuming, *ad arguendo*, that Plaintiff had such an interest, the alleged deprivation of this interest was a not a violation of Plaintiff's right to due process. First, even if Plaintiff had a property interest in his education, it does not follow that he has a property interest in accommodations for the USMLE examination. *See* Bartlett v. N.Y. State Bd. of Bar Examiners, 970 F. Supp. 1094, 1142 (S.D.N.Y. 1997). Plaintiff certainly does not have a property interest in UNM acting as an advocate on his behalf to the NBME. Moreover, a property or a liberty interest is a necessary but insufficient requirement for a substantive due process violation. In order for a deprivation of a property interest to constitute a violation of a plaintiff's substantive due process, the state actor must have deprived the plaintiff of the interest in an arbitrary and capricious manner; in other words, if the state actor had a rational basis for the deprivation, there is no violation of substantive due process. Bd. of Curators of the Univ. of Mo., 435 U.S. 78, 91-92 (1978). As shown above, a failure to accommodate is rationally related to a legitimate state interest, so Congress has not abrogated a state's Eleventh Amendment immunity under the ADA unless it involves a fundamental right.

The issue, therefore, in determining whether Congress validly abrogated Eleventh Amendment immunity for a particular class of cases is not whether the class of cases implicates a

"property interest," but whether the implicated property interest is also a fundamental right. *See, e.g.,* Simmang v. Tex. Bd. of Law Examiners, 346 F. Supp. 2d 874, 881-85 (W.D. Tex. 2004) (noting that a person cannot have a law license revoked with procedural due process, but holding that the ADA did not validly abrogate Eleventh Amendment immunity to suit for failure to accommodate disabled bar examinees).   Accordingly, Congress did not abrogate the states' Eleventh Amendment immunity from suits for failure to accommodate disabilities in the administration of bar examinations.   Id.   Because Plaintiff has not alleged a violation of his fundamental rights, he has not justified the abrogation of Eleventh Amendment immunity in the present case.

Plaintiff has also argued that all of the higher education cases cited by Plaintiff were from outside of the Tenth Circuit.  Neither the Tenth Circuit nor this Court has ruled on the question of whether the ADA abrogated Eleventh Amendment immunity in the context of higher education. However, in the context of licensing examinations, this Court has accepted the basic reasoning of Doe, Press, and Johnson: that where the alleged ADA violation does not infringe on a "fundamental right," Eleventh Amendment immunity for an alleged failure to accommodate is not abrogated.  Guttman v. Khalsa, District of New Mexico Cause No. CIV-03-463 MCA/KBM (Doc. No. 142, March 31, 2010) at *28-*29:

> "[t]he language of Title II, together with its enforcing regulations, require states to justify licensing decisions that would otherwise be constitutional.  Licensing entities, under Title II's scheme, are required to demonstrate that modifications would "fundamentally alter the nature of the service that those entities provide.  This is a significant burden on such entities-a burden that is not constitutionally required because the consideration of a physician's mental health is rationally related to a legitimate government purpose."

In short, this Court held in Guttman that where there is no fundamental right at stake, the ADA does not validly abrogate states' Eleventh Amendment immunity.  Accordingly, this Court

has accepted the reasoning of those decisions that hold that Congress has not abrogated Eleventh Amendment immunity in the context of failure to accommodate disabilities in the context of higher education.

Finally, even assuming, *ad arguendo*, that the ADA has abrogated states' immunity in the context of higher education, the Court should narrow its analysis to the context of professional licensing exams administered by private third parties.  It is impossible for a non-state actor to commit a Fourteenth Amendment violation. Brophy v. Ament, 2009 WL 5206041 at *7 (D.N.M. 2009), citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). It is clear that Title II is not a congruent and proportional remedy for Fourteenth Amendment violations that, by definition, could not have ever existed.   Accordingly, the ADA did not validly abrogate Eleventh Amendment immunity to suit for failure, by a state university, to arrange for a non-state actor to provide accommodations for disability.

### C.  The Eleventh Amendment Bars Plaintiff's Breach of Contract Claim

Moreover, Plaintiff's claim for breach of contract is barred by the Eleventh Amendment. A state can waive its Eleventh Amendment immunity, but such a waiver must be unequivocal. Ward, 72 F. Supp. 2d at 1291.  The waiver of immunity by a state in its own Courts is not sufficient to waive Eleventh Amendment immunity in federal courts.  In the present case, the State of New Mexico has established immunity to all contract claims, except for "valid written contracts." N.M.S.A. 1978 § 37-1-23(A).  However, this statute does not include any language that waived Eleventh Amendment immunity.  Without unequivocal language to that effect, there is no waiver.

Moreover, Plaintiff's claim that this Court has jurisdiction pursuant to 28 U.S.C. § 1367 is irrelevant.  This statute grants supplemental jurisdiction to federal courts.  However, this supplemental jurisdiction, like all forms of federal jurisdiction, is subject to the limitations of the

Eleventh Amendment and, without a waiver of immunity, is barred by that Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984). Accordingly, Plaintiff's claim for breach of contract must be dismissed.

## II.  PLAINTIFF FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

### A.  Plaintiff Failed to State a Claim Under Section 1983

Plaintiff failed to state a claim under 42 U.S.C. § 1983, because such a claim can only be made against a "person," and arms of the state are not considered to be "persons."  Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995). Any entity that is protected by Eleventh Amendment immunity is also not considered to be a person.  Id.  Contrary to Plaintiff's contention, UNM Defendants are not "persons" merely because the Plaintiff seeks injunctive relief.  While a government official acting in his official capacity is considered a "person" where a plaintiff seeks injunctive relief, under the reasoning of Ex Parte Young, this exception does not extend to state agencies.  Harris, 51 F.3d at 906-07 (10th Cir. 1995) (stating that *individual judges* not immune from suit for prospective relief but state agency was not immune).  Because UNM Defendants are not "persons" pursuant to 42 U.S.C. § 1983, Plaintiff has not stated a claim against them under that statute.  Accordingly, Plaintiff's 42 U.S.C. § 1983 claim should be dismissed.

### B.  Plaintiff Failed to State a Claim Under the ADA or the Rehabilitation Act

Plaintiff failed to state a claim under the ADA or the Rehabilitation Act.  In order to state a claim under these acts, a plaintiff must show that he suffers from a condition that "substantially limits" a major life activity.  42 U.S.C. § 12102 (1).  Plaintiff does not state facts that suggest that he suffers from such a condition.  In fact, Plaintiff admits in his Complaint that he was a top student in grade school, high school, and college, and that, even in medical school, he was able to pass his classes with the help of colored eyeglasses.  Complaint, ¶¶ 10-22.  These facts, alleged in

the Complaint itself, demonstrate that Plaintiff's life activity of learning is less limited than that of plaintiffs who have been found, by the Tenth Circuit and other courts, to not suffer from a disability. McGuinness v. Univ. of N.M. Sch. Of Med., 170 F.3d 974, 978 (10th Cir. 1998) (holding that a person with an anxiety disorder did not have a disability when the person successfully obtained a degree); Pacella v. Tufts Univ. Sch. of Dental Med., 66 F. Supp. 2d (D. Mass. 1999) (holding that a dental student with a partially correctable vision problem did not have a disability, even though the student had difficulty in dental school, because the plaintiff was an otherwise successful student); Ballard v. Kinkaid Sch., 147 F. Supp. 2d 603, 610-11 (S.D. Tex. 2000), withdrawn from N.R.S. bound volume. (holding that Irlen's syndrome, which Plaintiff claims to have, was not a disability because it was treatable with colored eyeglass overlays).

Accordingly, Plaintiff is not disabled under the definitions in the ADA and Rehabilitation Acts, so these claims must be dismissed. Plaintiff does not dispute any of this analysis. Rather, Plaintiff relies on an irrelevant procedural distinction: that McGuinness was decided on summary judgment, whereas the present Motion is a Rule 12(b)(6) Motion to Dismiss. However, this is immaterial. The important difference between the two types of motions is simple: "the court must consider the conduct alleged in the complaint in deciding a motion to dismiss, while it must look beyond the pleadings to the evidence before it when deciding a motion for summary judgment." Bell v. Fur Breeders Agricultural Co-op, 348 F.3d 1224, 1230 (10th Cir. 2003). There is nothing special about ADA causes of action that prevents them from being dismissed pursuant to Rule 12(b)(6). Quite simply, in his Complaint, Plaintiff pled himself out of court. Seeds v. Lucero, 177 F. Supp. 2d 1261, 1273 (D.N.M. 2001), citing Conn v. GATX Terminals Corp., 18 F.3d 417, 419 (7th Cir. 1994). Accordingly, in this case, a Motion to Dismiss pursuant to Rule 12(b)(6) is the proper means of disposing of Plaintiff's ADA and Rehabilitation Act claims, so these claims should be dismissed.

Similarly, even assuming, *ad arguendo*, that Plaintiff is disabled, Defendants did not discriminate against him because of his disability.  Defendant did not need any accommodation on the part of UNM Defendants to complete first two years of medical school, so the school was not required to provide such accommodation.  Wisc. Correctional Serv. V. City of Milwaukee, 173 F. Supp. 2d 842, 853-54 (E.D. Wisc. 2001) (holding that a person seeking accommodation must show that the accommodation is necessary) Plaintiff may have needed accommodation to pass his USMLE examination.  However, if Plaintiff needed such accommodation, Defendant NBME, as the administrator of the exam, was responsible for providing this assistance.  UNM had no control over NBME's actions.  Plaintiff's sole complaint against UNM Defendants is that they did not assist him in obtaining accommodation from Defendant NBME.  However, this is not a reasonable accommodation on the part of UNM Defendants, as it would require UNM to fundamentally alter its nature from that of an institution of higher learning to that of an advocacy organization.  28 C.F.R. § 35.130(b)(7).

Again, Plaintiff does not dispute this analysis, but merely states, without any supporting authority, that this is a question of fact.  However, Plaintiff's Complaint showed that he did not need accommodations for his medical school classes.  Assuming all of the facts in his Complaint to be true, the only accommodations he needed were those that he requested from NBME.  Plaintiff stated facts that showed that he wants UNM Defendants to advocate for him, which is clearly not part of UNM's mission.  A medical school is not responsible for the failure of Defendant NBME to accommodate a person with an alleged disability.  *See* Powell v. Nat. Board of Med. Examiners, 364 F.3d 79 (2d Cir. 2004).

Finally, Plaintiff's Complaint clearly shows that UNM Defendants' alleged actions were not the cause of the harm allegedly suffered by Plaintiff, as is required to state a claim under the ADA or the Rehabilitation Act.  Plaintiff states in his Complaint that NBME refused to

10

accommodate him because he failed to include, in his request for accommodation, the required documentation of his supposed disability.  Complaint, ¶¶ 31-32.  Moreover, Plaintiff does not allege any facts that would suggest that UNM could have done anything to obtain accommodations from NBME, after Plaintiff failed to follow NBME's application policies for such accommodation.  Contrary to Plaintiff's contention, he has not made a plausible claim that UNM's actions were the "but-for" or the proximate cause of NBME's denial of Plaintiff's request for accommodation.  Plaintiff merely made the conclusory statement that "[a] determination of disability and accommodation from Defendant UNM would have materially assisted the Plaintiff in receiving an accommodation from NBME."  Complaint, ¶ 39. Such "conclusory allegations are not acceptable…where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves." Tsutsumi v. Hawaii Prince Hotel Waikiki Corp., 119 Hawai'i 321 (Ct. App. Unpublished Opinion Nov. 14, 2008), citing Kelley v. Kysor Indus. Corp., 826 F. Supp. 1089, 1094 (W.D. Mich. 1993).  Plaintiff contradicted his conclusory statement that UNM Defendants could have assisted him in obtaining accommodations from NBME with his factual allegation that he did not properly complete his application.  Accordingly, Plaintiff failed to state a claim against UNM Defendants under the ADA or the Rehabilitation Act, so this cause of action should be dismissed.

### C.  Plaintiff Failed to State a Claim for Breach of Contract

Finally, Plaintiff failed to state a claim for breach of contract.  Plaintiff based his entire cause of action for breach of contract on his contention that UNM Defendants violated the ADA and the Rehabilitation Act.  As shown above, Plaintiff did not state a claim against UNM Defendants for which relief can be granted for a violation of either of those acts.  Accordingly, he failed to state a claim for breach of contract.  Plaintiff has attempted to counter this irrefutable fact with a statement that his breach of contract cause of action "involve[s] questions of fact and law

that are not subject to determination in a motion to dismiss." Again, contrary to Plaintiff's assertions, a breach of contract is not a special cause of action that is immune to a Motion to Dismiss. Plaintiff's claim contained facts that clearly showed that UNM Defendants did not violate the ADA or the Rehabilitation Act. Moreover, his Complaint does not state any other grounds for a breach of contract. Quite simply, Plaintiff failed to state a claim for breach of contract. Accordingly, this cause of action should be dismissed.

### III.  THE SCHOOL OF MEDICINE IS NOT A PROPER PARTY TO THIS LAWSUIT

It is clear that the School of Medicine is not a proper party to this lawsuit. The school was created by the Board of Regents pursuant to its powers under N.M.S.A. § 21-7-8, and has no independent corporate existence. Plaintiff failed, in both his original Complaint and in his Response to UNM Defendants' Motion to Dismiss, to refute this essential fact. Accordingly, Plaintiff's Complaint against UNM Defendants must be dismissed.

### IV.  CONCLUSION

Plaintiff failed to refute any of the arguments in Plaintiff's Motion to Dismiss. This Court lacks jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983 and the ADA, and his breach of contract claim. Moreover, Plaintiff failed to state a claim for which relief can be granted as to any of his causes of action.

Respectfully submitted,

CADIGAN & PARK, P.C.

By /s/ **Alfred A. Park**
    Alfred A. Park
    Lawrence M. Marcus
    *Counsel for Defendants*
    3840 Masthead Street, N.E.
    Albuquerque, New Mexico  87109
    (505) 830-2076

I hereby certify that a true and correct copy of
the foregoing document was mailed to:

Dennis W. Montoya
*Montoya Law, Inc.*
Post Office Box 15235
Rio Rancho, New Mexico  87174-0235

on this   8th   day of November 2010.

**/s/ Alfred A. Park**
Alfred A. Park